

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICARDO PITTMAN, JR., <br> Plaintiff, <br> V. <br> VIAMONTE INVESTMENTS GROUP, L LC. <br> And its president, **PERRETTA OSCAR**, <br> NORTHERN ILLINOIS GAS COMPANY, <br> And its president, **MELVIN WILLIAMS**, <br> BARBARA P. CHRISTOPHER, NICOR <br> GAS COMPANY, <br> Defendants. | CASE NO: <br><br> PRESIDING JUDGE <br><br> MAGISTRATE JUDGE <br><br> TRIAL BY JURY DEMAND <br><br> 19CV4732 <br> JUDGE LEINENWEBER <br> MAG. JUDGE KIM |

## COMPLAINT AT LAW

Now Comes plaintiff's, **RICARDO PITTMAN, JR.,** referred to as ("Pittman, Jr") as plaintiff to this action; by and acting pro-se, complains of defendants, **Viamonte Investments group, Limited Liability Compan**y referred to as ("L L C") as defendants to this action; and its president, **Perretta Oscar** referred to as ("Oscar") as defendant to this action; **Northern Illinois Gas Company** referred to as ('N. i. g. c.") as defendant to this action; **Melvin Williams** referred to as ("Williams") as defendant to this action; **Barbara P. Christopher** referred to as ("Christopher") as defendant to this action; **Nicor Gas Company** referred to as ("N. g. c.") as defendant to this this action; and stated the following reasons:

## THE ALLEGATIONS

1. Plaintiff, Ricardo Pittman, Jr., for his complaint against defendants, Viamonte Investments group, LLC., and its president, Perretta Oscar. JoAnn Antonopoulos was the manager of this building

1

located at 9208 South Kedzie Avenue, Evergreen Park, Illinois 60605. The same location as plaintiff, Ricardo Pittman, Jr., apartment **BE** in the same building and the same **address** 9208 South Kedzie Avenue, Evergreen Park, Illinois 60805.

## JURISDICTION AND VENUE

2. This court has jurisdiction over plaintiff federal claims pursuant to 28 U.S.C.A. Section 1331, 1343 (3) and 1343 (4), which vests redress of plaintiff's claims of being deprived of his constitutional rights to have been secure in his person due to defendants wrongful acts plaintiff loss of his constitutional rights and liberty, without due process of law. That statutory authority is 28 U.S.C.A. Section1367 (a).State law claims.

3. Venue over this action is based on 28 U.S.C.A. Section 1391 (b) (Supp.1995).

## CITIZENSHIP OF THE PARTIES

4. Plaintiff's, Ricardo Pittman, Jr., at all relevant times was a citizen of the United States of America with permanent resident at 9208 South Kedzie Avenue, plaintiff apartment no.**BE** Evergreen Park, Illinois 60805.

5. Defendant's, Viamonte Investments Group, L LC., referred to as a Illinois Corporation organized and existing under the laws of the state of Illinois. At all material times to this cause of actions. The limited liability company principal office 17835 Torrence Avenue, Lansing, Illinois 60638 0000.Defendants Viamonte can be served through its registered agent. Charles T. Ryan, 18141 Dixie Highway, Suite 115, Homewood, Illinois60430.

6. Defendant's Perretta Oscar, President of Viamonte Investments Group, LLC., Mr. Oscar can be served at 1533 Muirfield Drive, Dyer, Indiana 46311.

7.   Defendant, Northern Illinois Gas Company referred to as an Illinois Corporation organized and existing under the laws of the state of Illinois. Defendant, Northern Illinois Gas Company can be served through its registered agent. Illinois corporation service **C,** 801Adlai Stevenson Drive, Springfield, Illinois 62703.

8.   Defendant, Melvin Williams, president of Northern Illinois Gas Company Mr. Williams can be served at **ten (10)** Peachtree Pl, N.E., Atlanta, GA 30309.

9.   Defendant, Barbara P. Christopher secretary of Northern Illinois Gas Company, Ms. Christopher can be served through Illinois Corporation Service C., 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

10.   Defendant, Nicor Gas Company referred to as a Illinois Corporation organized and existing under the laws of the state of Illinois. Defendant, Nicor Gas Company can be served through its agent Illinois Corporation service C., 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

## FACTS UPON WHICH RELIEF IS CLAIMED

11.   Plaintiff's, **Ricardo Pittman, Jr.,** resident at 9208 South Kedzie Avenue, apartment no.**BE,** Evergreen Park, Illinois 60805. Plaintiff is a senior citizen with disability and a veteran United States Marine, also a citizen of the utility board member. Defendants, Viamonte Investments Group, LLC., and its president, Perretta Oscar filed their complaint against Ricardo Pittman, Jr., in the circuit court of cook county, Illinois Fifth district on august 7,2018.

12.   Plaintiff lease was for this building at 9208 South Kedzie Avenue, Evergreen Park, Illinois, the lease contained 15 pages for used of occupancy and second lease contained 17 pages.

13.   That the lease was for 9208 South Kedzie contained 15 pages for used of occupancy the second lease contained 17 pages.

14. At all relevant times shown by identification I have resided solely in unit be as shown by the documents.

15. **Plaintiff's**, Ricardo Pittman, Jr., entered into the lease and I signed off on the lease and the lease shown unit is at 9208 South Kedzie Avenue, Evergreen park, Illinois 60805.

16. Over the past year my apartment was flooded and the floors and walls mildewed terribly so that living in the apartment with that smell is almost unbearable.

17. Defendant act without consent or approval, The landlord, Viamonte Investments Group, LLC., conspired with Perretta Oscar caused Nicor Gas to shut my cooking gas off and stove gas in the spring in 2018.

18. Reports from Cook County inspections shown that the unit failed could not pass the inspections.

19. The records of all Hud, Federal Housing pertaining to my apartment be, canceled checks, starting 2009 to the present date.

20. Plaintiff demand identity of employee of defendants, Viamonte Realty aka Dorrego aka Viamonte Investments Group, LLC., who had Nicor Gas disconnected may cooking gas in my apartment.

21. Plaintiff demanding copies of all expense, an maintenance of my apartment be.

22. Plaintiff's requesting paperwork from the housing specialist **Donna Burns** who contacted Mr. Pittman due to defendant, Viamonte Investments Group, LLC., having her to contact me stating. That defendants, Viamonte Investments Group, LLC., will not be accepting any section 8 voucher portion of Mr. Pittman, Jr. rent.

23. Plaintiff demanding all document that correspondences concerning Hud and Viamonte Investments Group, LLC., starting 2011. Pertaining to Mr. Pittman apartment be; also all documents of

4

housing specialist Andre Parham and Anne Richmond-Management analysts, who has bot not never responded to any of Mr. Pittman letters, texts nor have I received a phone call involving my **section 8** voucher being placed as questionable? Termination of section 8 vouchers, and there was no cooking gas working in this apartment is at this time.

24. Plaintiff entered into a lease ("hereinafter"), the lease and attached hereto as exhibit "A" with defendants, Viamonte Investments Group, LLC., and its president, Perretta Oscar. The apartment is in Viamonte apartment building at 9208 South Kedzie Avenue, Evergreen Park, Illinois 60805.

25. Plaintiff, Ricardo Pittman, Jr., is a law abiding veteran. Marine disabled citizen resident in Evergreen Park, Illinois, American Legion; senior citizen uniform relocation assistance applies. The landlord Viamonte Investments Group, LLC., Owe special damages for shutting off plaintiff, Ricardo Pittman cooking gas.

26. That at all relevant times defendants, Viamonte Investments Group, LLC., received federal support for Viamonte Investments Group, LLC., apartments under the section 8 substantial rehabilitation program, which is administered by the United States department of housing and Urban development ("hereinafter)" ("HUD").

27. Defendant's, Viamonte Investments Group, LLC., is required to comply with all federal regulations governing section 8 substantial rehabilitation housing (hereinafter) ("Hud regulations") setting forth the eligibility of persons for **section 8** substantial rehabilitation housing units and the procedures necessary to terminate the tenancy of a section 8 substantial rehabilitation tenant. 24 CFR. Section 881.101 et seq. (1995).

28. Pursuant to the Hud regulations, tenants pay a portion of the monthly rent and Hud pay the balance directly to the project owner. 24 C. F.R. section 881.501 et seq. (1995).

29. Mr. Pittman, Jr. entered into an ease (hereinafter), "the lease" and see attached hereto as Exhibit "A" copy with Viamonte Investments Group, LLC., 9208 South Kedzie Avenue, Evergreen Park, Illinois 60805.

30. According to the original lease, the monthly rent for the unit was $750.00.

31. That under the lease, and pursuant to Hud regulation, Mr. Pittman paid $ 356.00, per month (hereinafter "rent") and Hud paid the balance $ 394.00 of the total rent for the unit directly to Viamonte Investments Group, LLC., in the form of a monthly housing assistance.

32. That the rental subsidies received by tenants in section 8 substantial rehabilitation housing units are tied to the unit and thus, the tenant loses the subsidy if the project owner evicts him or her. 24 C.F.R. section 881.101 (b) (1995).

## COUNT I
## CAUSE OF ACTION UNDER FEDERAL CIVIL RIGHTS ACT

The claims against plaintiff, defendants, Viamonte Investments Group, llc., Perretta Oscar Northern Illinois gas company, and its president, Melvin Williams, Barbara P. Christopher, Nicor Gas Company,
## FOR DEPRIVATION OF DUE PROCESS RIGHTS

33. Pittman repeats, re-alleges and incorporates herein by reference each of the allegations set forth in paragraph 1 through 32 above as if set forth in fully herein. **In Haec Verba.**

34. Defendant's, Viamonte Investments Group, LLC., and its president Perretta Oscar acted under color federal law or authority when they acted to terminate Mr. Pittman's lease and his rental subsidy, because they were subject to Hud regulations, received federal rent subsidies from Hud, and had the power to take away a tenants rent subsidy through eviction.

35. Defendants, Viamonte Investments Group, LLC., Perretta Oscar knew or reasonably should have known, that Mr. **Pittman**, Jr. was disabled and capable of understanding the meaning or significance of the summons was never properly served on him, and he was capable of understanding the nature and

object of the eviction proceeding, preparing his defense defending himself in court or assisting an attorney to prepare his defense.

36. That over the past year my apartment was flooded, and the floors and walls mildewed terribly so that living in the apartment with that smell is almost unbearable. Defendants knew about plaintiff damages in this apartment be.

37. That in addition without any consent or approval, the landlord, Viamonte Investments Group, LLC., and its president Perretta Oscar caused Nicor Gas to shut my cooking , gas off and stone gas in the Spring in 2018.

38. That reports from Cook County inspections show that the unit failed could not pass the inspection.

## CONCLUSION

**Wherefore**, plaintiff, Ricardo Pittman, Jr., prays that this honorable court to enter a judgement in favor of plaintiff and against each defendant.

A. For an award of compensatory damages against defendant, Viamonte Investments Group, LLC. its president Perretta Oscar. Northern Illinois Gas Company, and its president, Melvin Williams, Barbara P. Christopher, Nicor Gas Company. In an amount of two hundred thousand dollars ($200,000.00) against each defendant.

B. For an award of punitive damages in an amount of five hundred thousand dollars ($500,000.00) against each defendant.

## COUNT II
## CAUSE OF ACTION UNDER FEDERAL CIVIL RIGHTS ACT

The claims against plaintiff, defendants, Viamonte Investments Group, llc., Perretta Oscar Northern Illinois Ggas Company, and its president, Melvin Williams, Barbara P. Christopher, Nicor Gas Company,

## FOR VIOLATION OF THE FAIR HOUSING AMENDMENTS ACT OF 1988

39. Pittman repeats, re-alleges and incorporates herein by reference each of the allegations set forth in paragraph 1 through 38 above as if set forth in fully herein. **In Haec Verba.**

40. Plaintiff illness substantially limited his ability to work and to care for himself and was therefore a "handicap" as defined by fair housing amendments act, **42 U.S.C.A. section 3602 (h) (1994).**

41. Defendants, Viamonte Investments Group, LLC., and its president, Perretta Oscar, Norther Illinois Gas Company, Melvin Williams, Barbara P. Christopher and Nicor Gas Company knew that Mr. Pittman, Jr., was ill or perceived him to be ill.

A. **VIAMONTE REFUSED TO PROVIDE PLAINTIFF A REASONABLE ACCOMADATION**

42. Pittman's disabled caused him to be unable to defend himself adequately against Viamonte's complaint for possession, because he was ill and never received proper notice or service of summons.

43. Plaintiff is ill but he do understand the proceeding, would have constituted a reasonable accommodation in Viamonte's rules, policies, or practices which was necessary to afford him an equal opportunity to use and enjoy his apartment.

44. Defendants, Viamonte Investments Group, LLC., Perretta Oscar, Northern Illinois Gas Company, Melvin Williams, Barbara P. Christopher and Nicor Gas Company intentional discriminated against Ricardo Pittman, Jr., and made his apartment unavailable to him because of his disabled.

B. **DEFENDANTS INTENTIONALLY DISCRIMINATED AGAINS RICARDO PITTMAN JR. ON ACCOUNT OF HIS DISABLIITY**

45. Defendants Viamonte Investments Group, LLC discriminated against Ricardo Pittman, Jr., in the terms or conditions of rental on account of his disability and made Ricardo Pittman, Jr. apartment unavailable to him on account of his disability, in violation of 42 U.S.C.A section 3204 (F) (1)-(2) (1994).

## CONCLUSION

**Wherefore**, plaintiff, Ricardo Pittman, Jr., prays that this honorable court to enter a judgement in favor of plaintiff and against each defendant.

A. For an award of compensatory damages against defendant, Viamonte Investments Group, LLC. its president Perretta Oscar. Northern Illinois Gas Company, and its president, Melvin Williams, Barbara P. Christopher, Nicor Gas Company. In an amount of two hundred thousand dollars ($200,000.00) against each defendant.

B. For an award of punitive damages in an amount of five hundred thousand dollars ($500,000.00) against each defendant.

## COUNT III
## CAUSE OF ACTION UNDER ILLINOIS COMMON LAW

The claims against plaintiff, defendants, Viamonte Investments Group, llc., Perretta Oscar Northern Illinois gas company, and its president, Melvin Williams, Barbara P. Christopher, Nicor Gas Company,

### FOR WILLFULLY AND WANTONLY MISCONDUCT

46. Pittman repeats, re-alleges and incorporates herein by reference each of the allegations set forth in paragraph 1 through 45 above as if set forth in fully herein. **In Haec Verba**.

47. Plaintiff, Ricardo Pittman Jr., by and acting pro-se, complains of defendants, Viamonte Investments Group, LLC., Perretta Oscar, conduct has been willful and wanton misconduct, wrongfully pursued a lawsuit against Plaintiff Ricardo Pittman, Jr.

9

48. Defendants at all relevant times hereto owed plaintiff a duty of generally not to act in a manner which defendants knew or should have known that would cause damages to plaintiff's reputation and well-being. Defendant's acts consisted willful and wanton breaches those duties which plaintiff deserves to have freedom from willfully and wantonly misconduct.

49. That as a direct and proximate result of defendants, Viamonte Investments Group, LLC., Perretta Oscar conspired with each other which both of them come to the same concluded.

50. That each defendant, acts constitute willfully and wantonly misconduct was committed under circumstances exhibiting a reckless disregard for the safety of others, including Ricardo Pittman, Jr., knowledge of impending danger. Defendants fabricated documents to create a cause of action for a lawsuit to bring against Ricardo Pittman , Jr. In civil court in Cook County.

51. Defendants, failed to exercise ordinary care to prevent or failure to discover danger through reckless or carelessness which would have been discovered by ordinary care.

52. Defendants, Viamonte Investments Group, LLC., and its president Perretta Oscar's omission as to that duty resulted in injury to the plaintiff. The defendants conspired with each other above to do damage to Ricardo Pittman, Jr. When there should have been no action taking against Pittman. Pittman seeks to recover damages from each defendant for willfully and wantonly misconduct.

53. As a direct and proximate result of defendant's willful and wanton acts, plaintiff has been caused to suffer humiliation, emotional distress, serve anguish and great damages to plaintiff himself, reputation and standing in the community and will continue to suffer these damages in the future.

## CONCLUSION

**WHEREFORE**, plaintiff, Ricardo Pittman, Jr., prays that this honorable court enter a judgement in favor of plaintiff and against each defendant:

A. For an award of compensatory damages against defendant, Viamonte Investments Group, LLC., and its president Perretta Oscar. In an amount of two hundred thousand dollars ($200,000.00) against each defendant.

B. For an award of punitive damages in an amount of five hundred thousand dollars ($500,000.00) against each defendant.

## COUNT IV
## CAUSE OF ACTION UNDER ILLINOIS COMMON LAW

The claims against plaintiff, defendants, Viamonte Investments Group, llc., Perretta Oscar Northern Illinois gas company, and its president, Melvin Williams, Barbara P. Christopher, Nicor Gas Company,

## FOR BREACH OF CONTRACT BY VIAMONTE INVESTMENTS GROUP, LLC.

54. Pittman repeats, re-alleges and incorporates herein by reference each of the allegations set forth in paragraph 1 through 53 above as if set forth in fully herein. **In Haec Verba.**

55. Mr. Pittman substantially complied with the terms of the lease.

56. Section **23** of the lease states in relevant part: "any termination of this agreement by the owner must be carried out in accordance with HUD regulations, state and local law, and the terms of this agreement***** if the owner proposes to terminate this agreement, the owner agrees to give the tenant written notice of the proposed termination ***** notices of proposed termination for [reasons aside from other good cause] must be given in accordance with any time frames set forth in state and local law ***** all termination notices must: (1)specify the date this agreement will be terminated; (2) state the

11

grounds for termination in enough detail for the tenant to prepare a defense; (3) advise the tenant that he/she has 10 days within which to discuss the proposed termination of the tenancy with the owner.

57. The 10-day period will begin on the earlier of the date the notice was hand delivered to the unit or the day after the notice was mailed.

58. If the tenant requests the meeting, the owner disagrees to discuss the proposed termination with the tenant; and (4) advise the tenant of his/her right to defend the action in court ***** if an eviction is initiated, the owner agrees to rely only upon those grounds cited in the termination notice *****".

59. By filing a complaint for possession of Mr. Pittman's apartment without providing Mr. Pittman with proper notice of when they intended to terminate his lease, or stating the grounds for the termination in enough detail for Mr. Pittman to prepare a defense, or advising Mr. Pittman that he had 10 days within which to discuss with them the proposed termination of his lease, Viamonte Investments Group, LLC., and its president, Perretta Oscar breached their contract with Mr. Pittman.

60. Defendant, Viamonte Investments Group, LLC., and its president, Perretta Oscar's failure to comply with Section23 of the lease prevented Mr. Pittman from successfully defending his tenancy.

61. Defendants, Viamonte Investments Group, LLC., and its president, Perretta Oscar accepted Mr. Pittman's rent payments after they filed their complaint and prior to the hearing on August 7, 2018.

62. Defendants, Viamonte Investments Group, LLC., and its president, Perretta Oscar waived any alleged breaches by Mr. Pittman for non-payment or late payment of rent by accepting his rent and by their pattern of accepting late rental payments.

63. Thus, Viamonte Investments Group, LLC., and its president, Perretta Oscar also breached Mr. Pittman's lease by terminating it after waiving their right to terminate for non-payment or late payment.

64. Defendants, Viamonte Investments Group, LLC.'s, and its president, Perretta Oscar breaches of Mr. Pittman's lease caused him to lose his housing unit his housing subsidy, and most of his personal possession, and causing immense pain and suffering.

## **CONCLUSION**

**Wherefore**, plaintiff, Ricardo Pittman, Jr., prays that this honorable court to enter a judgment in favor of plaintiff and against each defendant:

A. For an award compensatory damages against counter-defendant, Viamonte Investments Group, against each defendant LLC., and its president, Perretta Oscar in an amount of two hundred thousand dollars ($200,000.00).

B. For an award of punitive damages in an amount of five hundred thousand dollars ($ 500,000.00) against each defendant.

Respectfully Submitted,
Ricardo Pittman, Jr.

Ricardo Pittman, Jr.
Plaintiff Acting Pro -se

Ricardo Pittman, Jr.
9208 South kedzie Avenue
Apartment BE
Evergreen park, Illinois 60805.
(630) 235-8209