# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| **RICARDO PITTMAN, JR.,** ) | **CASE NO: 2019 cv 4732** |
| Plaintiff, ) | |
| ) | **Presiding Judge, The Honorable Leinenweber** |
| **V.** ) | |
| ) | **Magistrate Judge Kim** |
| **VIAMONTE INVESTMENTS GROUP,L LC.** ) | |
| **PERRETTA OSCAR, Mr. Oscar** sued ) | **TRIAL BY JURY DEMAND** |
| Individual and in his official capacity; ) | |
| **SALVADOR RUIZ** sued individual and in ) | |
| his official capacity; **NORTHERN ILLINOIS** ) | **FILED** |
| **GAS COMPANY, MELVIN WILLIAMS, MR.** ) | |
| **WILLIAMS** sued in his official capacity ) | AUG 30 2019 |
| **HOUSING AUTHORITY OF COOK COUNTY,** ) | |
| **ANNE RICHMOND, MS. RICHMOND** sued ) | THOMAS G. BRUTON |
| In her official capacity; ) | CLERK, U.S. DISTRICT COURT |
| **ASSUMED, NAME NICOR GAS COMPANY,** ) | |
| Defendants. ) | |
| ) | |

## FIRST AMENDED COMPLAINT AT LAW

Now Comes plaintiff's, **RICARDO PITTMAN,JR.,** referred to as ("Pittman, Jr") as plaintiff to this

action; by and acting pro-se, complains of defendants, **Viamonte Investments group, Limited Liability**

**Compan**y referred to as ("v. i. g. I I C") as defendants to this action; and its president, **Perretta Oscar** referred

to as ("Oscar") as defendant to this action; **Salvador Ruiz** referred to as ("Ruiz") as defendant to this action;

Salvador Ruiz referred to as ("Ruiz") as defendant to this action; **Northern Illinois Gas Company** referred to

as ('N. i. g. c.") as defendant to this action; **Melvin Williams** referred to as ("Williams") as defendant to this

action; **Housing Authority OF Cook County** referred to as ("H.A.C.C.") as defendant to this action; **Anne**

1

Richmond referred to as ("Richmond") as defendant to this action; **assumed Name Nicor Gas Company** referred to as ("N G C") as defendant to this action; and stated the following reasons

## A. INTRODUCTION

Plaintiff, Ricardo Pittman, Jr., this complaint seeks damage against Viamonte Investment Group, LLC., and its apparent agents, Perretta Oscar, Salvador Ruiz. JoAnn Antonopoulos in the pass was the manager of this building located at 9208 South Kedzie Avenue, Evergreen Park, Illinois 60805. Plaintiff, Ricardo Pittman, Jr., apartment BE in this building, the address is 9208 South Kedzie Avenue, Evergreen Park, Illinois 60805.

## B. JURISDICTION AND VENUE

1. This court has jurisdiction over plaintiff federal claims pursuant to 28 U.S.C.A. Section 1331, 1343 (3) and 1343 (4), which vests redress of plaintiff's claims of being deprived of his constitutional rights to have been secure in his person due to defendants wrongful acts plaintiff loss of his constitutional rights and liberty, without due process of law.

2. The fourteenth amendment provision create federal question jurisdiction and are actionable pursuant to federal statues 42 U.S.C.A section 1981, 1983 and 1985 (3), conspiracy.

3. Plaintiff's also invokes the courts supplementary jurisdiction authority to exercise pendent jurisdiction over state law and common law claims that arise out of the same transaction and occurrence in that they arise from the same case.

4. The statutory authority is 28 U.S.C.A. section 1367 (a) and plaintiffs state law claims included violation of the Illinois Civil Rights Act and U. S. Civil Rights Act 42 U.S.C.A. Sec. 1981, 1983and 1985 (3).

2

5. The federal court has authority to hear and decide state law claims: Breach Contract,

intentional infliction emotional distress, willful and wantonly misconduct, defamation per se, defamation

false light, malicious prosecution, malicious abuse of process. Under 1983 and 1985 (3) civil conspiracy.

6. Defendants, Viamonte Investment Group, LLC., and its apparent agents, Perreta **Oscar**, Salvador

**Ruiz** were acting under color of state law. Defendants did deprive Pittman, Jr. of his liberty and property

interest as well as equal protection of the laws and due process.

7. Venue is proper pursuant to 28 U.S.C.A. section 1391 (b), as all parties reside in and the even

underlying this lawsuit occurred in Cook County, Chicago, Illinois which is within the United States district

court for the norther district of Illinois, eastern division.

## C. **42 USCA SECTION 1981, 1983 and 1985 (3)**

## D. **CIVIL ACTION FOR VIOLATION OF DEPRIVATION**

8. Every person who, under color of any statue, ordinance, regulation, custom, policy or usage of

any state or territory of the District of Columbia, subjects or causes to be subjected, and any citizen of the

United States or other person with the jurisdiction thereof to the deprivation of any rights, privilege of

communities secured by the constitution law shall be liable to the party injured in an action at law, suit in

equity or other person proceeding for redress for the purpose of this section, any act of Congress

applicable exclusively to the District of Columbia shall be considered to be a statue of the District of

Columbia.

## E. **PLAINTIFF DEMAND TRIAL BY JURY**

3

## F. CITIZENSHIP OF THE PARTIES TO THIS ACTION

9.    Plaintiff, Ricardo Pittman, Jr., at all relevant times an African American ("Black") citizen of the United States of America with permanent resident at 9208 South Kedzie Avenue, apartment **BE,** Evergreen Park, Cook County of the State of Illinois 60805.

10.    Defendant's Viamonte Investments Group, LLC., was a corporation duly organized, created and existing under and by virtue of the laws of the State of Illinois and engaged in the conduct and provision of investing in real estate and leasing and renting properly with its principal place of business located at 17835 Torrence Avenue, Lansing, Illinois 60438.

11.    At all material times to this cause action, Viamonte Investments Group, LLC., is the employer of Perretta Oscar and are responsible for his wrongful acts of defendant **Oscar** while employed by Viamonte and was acting within the scope of his employment.

12.    Defendant, Perretta Oscar at all relevant times upon information and believed to be resident of the State of Indiana. Defendant **Oscar** was at all times material hereto was duly appointed apparent agent of Viamonte. Defendant can be served through its registered agent. Charles T. Ryan, 18141 Dixie Highway, Suite 115, Homewood, Illinois 60430.

13.    Upon information and believe, defendant, Perretta Oscar at all times was apparent agent manager for Viamonte hereto this cause of action. Viamontes are responsible and can be held liable for his wrongful acts of its servant-employee of Viamonte, while employed by Viamonte and **Oscar** was acting within the scope of his employment Mr. **Oscar** sued individual and in his official capacity.

14.    Defendant, **Oscar**, who were duly appointed and anointed with power and authority to function under color and pretense of the statutes, ordinances, regulation, customs and usages of the State

4

of Illinois, County of Cook, and under color state law and was acting within scope of his employment. Mr. Oscar can also be served at 1533 Muirfield Drive, Dyer, Indiana 46311.

15.   Defendant's, Viamonte was a corporation limited liability company duly organized, created and existing by virtue of the laws of the State Illinois and engaged in the conduct and provision of investing in real estate and leasing and renting property with the principal place of business located at 17835 Torrence Avenue, Lansing, Illinois 60438.

16.  At all material times to this cause of action, Viamonte Investments Group, LLC., is the employer of Perretta Oscar and are responsible for his wrongful acts of defendant Oscar while employed by Viamonte and was acting within the scope of his employment.

17.   Defendants, Viamonte Investments Group, LLC., was a corporation duly organized of the laws of the State of Illinois and engaged in the conduct and provision of investing in real estate and leasing and renting property with its principal place of business located at 17835 Torrence Avenue, Lansing, Illinois 60438.

18.  At all material times to this cause of action, Viamonte Investments Group, LLC., is the employer of Salvador Ruiz and are responsible for his wrongful acts of defendant, Ruiz while employed by Viamonte and Ruiz was acting within the scope of his employment.

19.  Defendant's, Salvador Ruiz, at all relevant times upon information and believe to be a resident of the State of Illinois. Defendant, Ruiz was at all times material hereto was duly appointed apparent agent of Viamonte. Defendant can be served at 17835 Torrence Avenue, Lansing, Illinois 60438.

20.   Upon information and believe, defendant Salvador Ruiz at all times was apparent agent for Viamonte are responsible and can be held liable for Ruiz wrongful acts of its servant-employee of

5

Viamonte, while employed by Viamonte and Ruiz was acting within the scope of his employment Mr. Ruiz sued individual and in his official capacity.

21.    Defendant, **Ruiz** who were duly appointed and anointed with power and authority to function under color and pretense of the statutes, ordinances, regulation, custom and usage of the State of Illinois, County of Cook and under color of the state law and was acting within the scope of his employment. Mr. **Ruiz** can be served at 17835 Torrence Avenue, Lansing, Illinois 60438.

22.    Defendant, Viamonte Investments Group, LLC., was corporation, limited liability Company duly organized, created and existing by virtue of the laws of the State of Illinois and engaged in the conduct and provision of investing in real estate and leasing and renting property with its principal place of business located at 17835 Torrence Avenue, Lansing, Illinois 60438.

23.    At all material times to this cause of action Viamonte Investments Group, LLC. is the employer of Salvador **Ruiz** and are responsible for his wrongful acts of Mr. **Ruiz** while employed by Viamonte and Ruiz was acting within the scope of his employment.

24.    Defendant's Northern Illinois Gas Company, was a corporation duly organized, created and Existing under and by virtue of the laws of the State of Illinois and engaged in the conduct and provision of serving gas to the tenant in this building 9208 South Kedzie Avenue, Evergreen Park, Illinois 60805.

25.    At all material times to this cause of action, Northern Illinois Gas Company is the employer of Melvin Williams and are responsible for his wrongful acts of defendant Williams while employed by Northern and was acting within the scope of his employment.

26.    Defendant, Melvin Williams, at all relevant times upon information and believed to be a resident of Atlanta, Georgia. Defendant Williams was at all time material hereto was duly appointed

6

president of Northern. Defendant can be served through its registered agent Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

27. Upon information and believed, defendant, Melvin Williams at all times was the president of Northern Illinois Gas Company hereto this cause of action. Northern are responsible and can be held liable for his wrongful acts of its servant-employee of Northern, while employed by Northern and Williams was acting within the scope of his employment Mr. Williams sued individual and his official capacity.

28. Defendant, Williams, who were duly appointed and anointed with power and authority to function under color and pretense of the statute, ordinance, regulations, custom and usages of the State of Illinois, county of Cook, and under color of state law and was acting within the scope of his employment.

29. Defendant's Housing Authority of Cook County, was a corporation duly organized, created and existing by virtue of the laws of the State of Illinois and engaged in the conduct and provision of "Housing Assistance payments contract" between the landlord and the Housing Authority, of cook county has been extended with its principal place of business located at 175 West Jackson Blvd. Suite 350, Chicago, Illinois 60604-3042.

30. At all material; times to this cause of action. Housing Authority of Cook County is the employer of Ann Richmond and is responsible for her wrongful acts of Ms. Richmond while employed by the Housing Authority of Cook County and was acting within the scope of her employment.

31. Defendant, Anne Richmond, at all relevant times upon information and believed to be Resident of the State of Illinois. Defendant, Richmond was at all times material hereto was duly appointed apparent agent for housing authority of Cook County, defendant can be served at 175 West Jackson Blvd., Suite 350, Chicago, Illinois 60604-3042.

7

32.   Upon information and believe, defendant, Anne Richmond at all times was apparent agent and manager and/or in management for the "**HACC**," hereto this cause of action Housing Authority of Cook County are responsible and can be held liable for Ms. Richmond wrongful acts of its servant-employee of HACC, while employed by HACC., and Ms. Richmond was acting within the scope of her employment Ms. Richmond sued in her official capacity.

33.   Defendant, Anne Richmond, who were duly appointed and anointed with power and authority to function under color and pretense of the statues, ordinance, regulations, customs and usages of the State of Illinois, County of Cook, and under color state law and was acting within the scope of her employment. Ms. Richmond can be served at **175** West Jackson Blvd. Suite **350,** Chicago, Illinois 6064-3042.

34.   Defendant, Housing Authority of Cook County was a corporation, duly organized, created and existing by virtue of the laws of the State of Illinois and engaged in the conduct and provision of "housing assistance payments contract" between landlord and "Housing Authority of Cook County has extended with its principal place of business located at **175** West Jackson Blvd., **Suite 350,** Chicago, Illinois 60604-3042.

35.   At all material times to this cause of action Housing Authority of Cook County is the employer of Ms. Anne Richmond and are responsible for her wrongful acts of Ms. Richmond while employed by the Housing Authority of Cook County and she was acting within the scope of her employment.

36.   Defendant, Nicor Gas Company is an assumed name is active under direction of the Northern Illinois Gas Company.

8

## G. **FACTS UPON WHICH RELIEF IS CLAIMED**

37. Plaintiff's, Ricardo Pittman, Jr., resident at 9208 South Kedzie Avenue, apartment unit **BE,** Evergreen Park, Illinois 60805. Plaintiff is a senior citizen with disability and a veteran United States Marine, also a citizen of the utility board member. Defendants, Viamonte Investments Group, LLC., and its Apparent, Perretta Oscar filed their "lawsuit complaint" against plaintiff, Ricardo Pittman, Jr., in the circuit court of cook county, Illinois Fifth district on August 7,2018. **See Attached Hereto Exhibit "A" 1 of 1.**

38. Plaintiff lease was for this building at 9208 South Kedzie Avenue, Evergreen Park, Illinois, the lease contained 15 pages for used of occupancy and second lease contained 17 pages.

39. That the lease was for 9208 South Kedzie contained 15 pages for used of occupancy the second lease contained 17 pages.

40. That at all relevant times hereto shown by identification I have resided solely in unit **be** as shown on the documents.

41. Plaintiff's, Ricardo Pittman, Jr., entered into a lease agreement and I signed off on the lease and the lease shown unit is at 9208 South Kedzie Avenue, Apartment **BE**, Evergreen park, Illinois 60805.

42. That over the past year my apartment was flooded and the floors and walls mildewed terribly so that living in the apartment with that smell is almost unbearable.

43. Defendant act without consent or approval, The landlord, Viamonte Investments Group, LLC., and its apparent agent Perretta Oscar conspired with Salvador Ruiz who is apparent agent for Viamonte caused Assumed name party Nicor Gas Company to shut plaintiff cooking gas off and stove gas in the spring of 2018.

44. Reports from Cook County inspections shown that the unit failed could not pass the inspections.

9

45.    The records of all Hud, Federal Housing pertaining to my apartment be, canceled checks, starting 2009 to the present date.

46.    Plaintiff demand identity of employee of defendants, Viamonte Realty aka Dorrego aka Viamonte Investments Group, LLC., who had Nicor Gas disconnected may **cooking gas** in my apartment .

47.    Plaintiff demanding copies of all expense, and maintenance of my apartment BE.

48.    Plaintiff's requesting paperwork from the housing Authority Cook County specialist **Donna Burns** who contacted Mr. Pittman due to defendant, Viamonte Investments Group, LLC., having her to contact me stating. That defendants, Viamonte Investments Group, LLC., will not be accepting any **section 8 voucher** portion of Mr. Pittman, Jr. rent.

49.    Plaintiff demanding all document that correspondences concerning Hud and Viamonte Investments Group, LLC., starting 2011. Pertaining to Mr. Pittman apartment be; also all documents of housing specialist Andre Parham and Anne Richmond-Management analysts,  has never responded to none of my letters, texts nor have I received a phone call involving my section 8 voucher being placed as questionable? Termination of section 8 vouchers, and there was no cooking gas working in this apartment at this time.

50.    Plaintiff entered into a lease ("hereinafter"), the lease and attached hereto as exhibit "A" retained by defendants, Viamonte Investments Group, LLC., and its apparent agent, Perretta Oscar. The apartment is in Viamonte apartment building at 9208 South Kedzie Avenue, Evergreen Park, Illinois 60805.

51.    Plaintiff, Ricardo Pittman, Jr., is a law abiding veteran. Marine disabled citizen resident in Evergreen Park, Illinois, American Legion; senior citizen uniform relocation assistance applies. To the landlord Viamonte Investments Group, LLC., Owe special damages for shutting off plaintiff, Ricardo Pittman cooking gas.

52. That at all relevant times defendants, Viamonte Investments Group, LLC., received federal support for Viamonte Investments Group, LLC., apartments under the section 8 substantial rehabilitation program, which is administered by the United States department of housing and Urban development ("hereinafter)" ("HUD").

53. Defendant's, Viamonte Investments Group, LLC., is required to comply with all federal regulations governing section 8 substantial rehabilitation housing (hereinafter) ("Hud regulations") setting forth the eligibility of persons for section 8 substantial rehabilitation housing units and the procedures necessary to terminate the tenancy of a section 8 substantial rehabilitation tenant. 24 CFR. Section 881.101 et seq. (1995).

54. Pursuant to the Hud regulations, tenants pay a portion of the monthly rent and Hud pay the balance directly to the project owner. 24 C. F.R. section 881.501 et seq. (1995).

55. Mr. Pittman, Jr. entered into an lease with Viamonte and copies of the lease retained by Viamonte Investments Group, LLC., for this apartment Be. 9208 South Kedzie Avenue, Evergreen Park, Illinois 60805.

56. According to the original lease, the monthly rent for the unit was $750.00.

57. That under the lease, and pursuant to Hud regulation, Mr. Pittman paid $ 356.00, per month (hereinafter "rent") and Hud paid the balance $ 394.00 of the total rent for the unit directly to Viamonte Investments Group, LLC., in the form of a monthly housing assistance. **See Attached Exhibit "B" 1 of 1.**

58. That the rental subsidies received by tenants in section 8 substantial rehabilitation housing units are tied to the unit and thus, the tenant loses the subsidy if the project owner evicts him or her. 24 C.F.R. section 881.101 (b) (1995).

## COUNT I
## CAUSE OF ACTION UNDER FEDERAL CIVIL RIGHTS ACT

The claims against, defendants, Viamonte Investments Group, LLC., Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company, and its president, Melvin Williams, Housing Authority of Cook County and its apparent agent Anne Richmond, and assumed Nicor Gas Company.

## FOR DEPRIVATION OF DUE PROCESS RIGHTS

59. Plaintiff repeats, re-alleges and incorporates herein by reference each of the allegations set forth in paragraph 1 through 58 above as if set forth in fully herein. **In Haec Verba.**

60. Defendant's, Viamonte Investments Group, LLC., and its Apparent agents, Perretta Oscar and Salvador Ruiz acted under color state law or authority when they acted to terminate Mr. Pittman's lease and his rental subsidy, because they were subject to Hud regulations, received federal rent subsidies from Hud, and had the power to take away a tenants rent subsidy through eviction.

61. Defendants, Viamonte Investments Group, LLC., Perretta Oscar and Salvador Ruiz knew or reasonably should have known, that Mr. Pittman, Jr. was disabled and capable of understanding the meaning or significance of the summons was never properly served on him, and he was capable of understanding the nature and object of the eviction proceeding, preparing his defense defending himself in court or assisting an attorney to prepare his defense.

62. That over the past year my apartment was flooded, and the floors and walls mildewed terribly so that living in the apartment with that smell is almost unbearable. Defendants knew about plaintiff damages in this apartment **BE.**

63. That in addition without any consent or approval, the landlord, Viamonte Investments Group, LLC., and its apparent agents, Perretta **Oscar** Salvador **Ruiz** caused Nicor Gas Company to shut off my cooking , gas off and stone gas in the Spring in 2018.

64. That reports from Cook County inspections show that my apartment unit **BE** could not pass the inspection.

12

## CONCLUSION

**Wherefore,** plaintiff, Ricardo Pittman, Jr., prays that this honorable court to enter a judgement in favor of plaintiff and against each defendant.

A.    For an award of compensatory damages against defendant, Viamonte Investments Group, LLC. its president Perretta Oscar. Northern Illinois Gas Company, and its president, Melvin Williams,  Nicor Gas Company. In an amount of two hundred thousand dollars **($200,000.00)** against each defendant.

B.  For an award of punitive damages in an amount of five hundred thousand dollars **($500,000.00)** against each defendant.

## COUNT II
## CAUSE OF ACTION UNDER FEDERAL CIVIL RIGHTS ACT

The claims against, defendants, Viamonte Investments Group, LLC, Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company, and its president, Melvin Williams, Housing Authority of Cook County and its apparent agent Anne Richmond, and assumed Nicor Gas company.

## FOR VIOLATION OF THE FAIR HOUSING AMENDMENTS ACT OF 1988

65.  Plaintiff repeats, re-alleges and incorporates herein by reference each of the allegations set forth in paragraph 1 through 64 above as if set forth in fully herein. **In Haec Verba.**

66.  Plaintiff illness substantially limited his ability to work and to care for himself and was therefore a "handicap" as defined by fair housing amendments act, 42 U.S.C.A. section 3602 (h) (1994).

67.  Defendants, Viamonte Investments Group, LLC., and its president, Perretta **Oscar** Salvador **Ruiz,** Housing Authority Of Cook County and its apparent agent, Anne Richmond, Norther Illinois Gas Company, Melvin Williams and Nicor Gas Company knew that Mr. Pittman, Jr., was ill or perceived him to be ill.

### A. VIAMONTE REFUSED TO PROVIDE PLAINTIFF A REASONABLE ACCOMMODATION

68.    Pittman's disabled caused him to be unable to defend himself adequately against Viamonte's

13

complaint for possession, because he was ill and never received proper notice or service of summons.

69. Plaintiff is ill but he do understand the proceeding, would have constituted a reasonable

accommodation in Viamonte's rules, policies, or practices which was necessary to afford him an

opportunity to use and enjoy his apartment.

70. Defendants, Viamonte Investments Group, LLC., Perretta **Oscar**, Northern Illinois Gas

Company, Melvin Williams, and Nicor Gas Company intentional discriminated

aganst Ricardo Pittman, Jr., and made his apartment unavailable to him because of his disabled.

## B. DEFENDANTS INTENTIONALLY DISCRIMINATED AGAINST RICARDO PITTMAN,JR. ON ACCOUNT OF HIS DISABLIITY

71. Defendants Viamonte Investments Group, LLC discriminated against Ricardo Pittman, Jr., in

the terms or conditions of rental on account of his disability and made Ricardo Pittman, Jr. apartment

unavailable to him on account of his disability, in violation of 42 U.S.C.A section 3204 (F) (1)-(2) (1994).

## CONCLUSION

**Wherefore**, plaintiff, Ricardo Pittman, Jr., prays that this honorable court to enter a judgement

In favor of plaintiff and against each defendant.

A.    For an award of compensatory damages against defendant, Viamonte Investments Group, LLC.

its president Perretta Oscar. Northern Illinois Gas Company, and its president, Melvin Williams, NicorGas

Company In an amount of two hundred thousand dollars **($200,000.00)**

against each defendant.

B.    For an award of punitive damages in an amount of five hundred thousand dollars

**(500,000.00)** against each defendant.

14

## COUNT III

## CAUSE OF ACTION UNDER FEDERAL CIVIL RIGHTS ACT

The claims against, defendants, Viamonte Investments Group, LLC, Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company, and its president, Melvin Williams, Housing Authority of Cook County and its apparent agent Anne Richmond, and assumed Nicor Gas company.

## FOR VIOLATIONS OF THE REHABILITATION ACT OF 1973

72. Pittman, Jr. re-alleged and incorporates herein by reference each of the allegations

Set forth in paragraphs 1 through 71 above as if set forth in fully herein. **In Haec Verba**

73. Ricardo Pittman, Jr., was qualified to be a tenant at Viamonte Investments Group, LLC.,

eligibility requirements for participation in the section 8 program and met Viamonte Internal eligibility

Requirements for residence.

## A. **DEFENDANTS VIAMONTE REFUSED TO PROVIDE MR. PITTMAN, JR., A REASONABLE**

74. Defendant's refusal to make a reasonable accommodation for Mr. Pittman, Jr. excluded him

from participation in the section 8 Housing program Viamonte apartments solely by reason of his

Handicap and his disability, in violation of the rehabilitation act of 1973, 29 U.S.C.A. section 794

(Supp 1995).

## B. **DEFENDANTS, VIAMONTE INTENTIONALLY DISCRIMINATED AGAINST MR. PITTMAN, JR. ON ACCOUNT OF HIS DISABILITY**

75. By seeking and enforcing an order of possession against plaintiff despite their prior

Practice of accepting late payments from plaintiff and other tenants, defendants subjected plaintiff to

discrimination under the section 8 program at Viamonte apartments, in violation of rehabilitation act of

1973, 29 U.S.C.A section 794 (sup. 1995). Viamonte brought Mr. Pittman, Jr., in the circuit court to obtain a

judgment against Mr. Pittman, Jr., But the case was dismissed July 9, 2019 a copy attached.

15

## CONCLUSION

**Wherefore,** plaintiff Ricardo Pittman, Jr., prays that the honorable court to enter judgement

in plaintiff's favor and against each defendant Viamonte Investments Group LLC., and its apparent agents,

Perretta **Oscar** and Salvador **Ruiz** Northern Illinois Gas Company, Melvin **Williams,** Housing Authority of

Cook County, Anne **Richmond** and Nicor

Gas Company:

A. For an award of compensatory damages in an amount of Two Hundred Thousand

($200,000.00) dollars against each defendant.

B. For an award of punitive damages in an amount of Five Hundred Thousand

($500,000.00) dollars against each defendant.

## COUNT IV
## CAUSE OF ACTION UNDER FEDERAL CIVIL RIGHTS

The claims against defendants, Viamonte Investments Group, LLC, Perretta Oscar, Salvador Ruiz, Northern Illinois
Gas Company, and its president, Melvin Williams, Housing Authority of Cook County and its apparent agent Anne Richmond,
and assumed Nicor Gas Company.

## , FOR THE FOURTEENTH AMENDMENT VIOLATION-DENIAL OF EQUAL PROTECTION

76.    Pittman's repeats, re-alleged, incorporates herein by reference each of the allegations set

forth in paragraphs 1 through 75 above as if set forth in fully herein. **In Haec Verba**.

77.    Plaintiff's by and acting pro-se, complains of defendants, Viamonte Investments Group, LLC.,

and its apparent agent, Perretta **Oscar** and its apparent agent Salvador **Ruiz,** Northern Illinois Gas Company,

Melvin **Williams,** Housing Authority of Cook County, and its apparent agent, Anne **Richmond** and Nicor Gas

company as follows:

78.    This action is brought pursuant to the 14th amendment violation-denial of equal protection

clause to the United States Constitution by and through 42 U.S.C.A., section 1983.

79. By the misconduct alleged herein by defendants, Viamonte, Perretta Oscar, and its apparent agents, Salvador Ruiz, Northern Illinois Gas Company, Melvin Williams, Housing Authority of Cook County and its apparent agent Anne Richmond and Nicor Gas Company conspire with each other to deprive Ricardo Pittman, Jr., of liberty and equal protection of the laws, and denied Pittman a fair and impartial hearing in the circuit court of Cook County is a violation of the fourteenth amendment to the United States Constitution 42 U.S.C.A. section 1983.

80. The acts and omission alleged herein were omission with knowledge, acquiescence, and active participated in all defendant, Viamonte Investments Group, LLC., and its apparent agents, Perretta Oscar, Salvador Ruiz conspiracy, and the other join Viamonte to deprive plaintiff of his rights to equal protection of the laws under the 14th amendment violation plaintiff rights and denied plaintiff a fair and impartial hearing on numerous occasions in front of Judge Burke, if plaintiff was white, he would not been treated differently in Judge Burke court.

81. By virtue of the acts and omission alleged herein defendants was acting under color of state law when they intentionally discriminated against plaintiff on the basis of his race further, the act and omission of defendants were willful and wanton in nature and acted to deprive plaintiff of his rights to equal protection of the laws under the 14th amendment to the Constitution of the United States 42 U.S.C.A. section 1983.

82. Viamonte Investments Group, LLC., and its apparent agents, Perretta Oscar and its apparent agent Salvador Ruiz of Viamonte, Northern Illinois Gas Company, Melvin Williams, Housing Authority of Cook County, and its apparent agent, Anne Richmond and Nicor Gas Company, Oscar was acting individual in his official capacity; Ruiz was acting in his official capacity; Williams was acting individual in his capacity; Richmond was acting in her official capacity and each defendant was acting under color state law.

17

83. Defendants, Viamonte had failed to supervise and regulate its apparent agents, **Oscar** and Ruzi conspire with Oscar and **Oscar** conspires with Williams and **Williams** conspire Richmond. Viamonte and its apparent agents, Oscar and Ruiz failed to implement and enforce personnel policy and practices which would have prevented the denial of equal protection of the laws and unlawful discrimination with respect to plaintiff not receiving a fair and impartial trial, in the Circuit Court of Cook County, Illinois.

84. Defendants Viamonte Investments Group, LLC., and its apparent agents, Perretta Oscar and Salvador Ruiz is apparent agents for Viamonte, Northern Illinois Gas Company, Melvin Williams, Housing Authority of Cook County, Anne Richmond and Assumed Name Nicor Gas Company.

85. Plaintiff demand trial by jury,

## CONCLUSION

**Wherefore,** plaintiff, Ricardo Pittman, Jr., prays that this honorable court enter a judgment against each defendant:

A. Enter a judgement in favor of plaintiff, Ricardo Pittman, Jr., and against defendant, Viamonte Investments Group, LLC.

B. Enter a judgement in favor of plaintiff and against defendant, Perretta Oscar undertakes and perform ministerial acts motivated by personal interest in bad faith, Oscar in his official capacity;

C. Enter a judgement in favor of plaintiff and against defendant, Salvador Ruiz undertakes and perform ministerial acts motivated by personal interest in bad faith, Ruiz in his official capacity.

D. Enter a judgement in favor of plaintiff and against defendant, Melvin Williams undertakes and perform ministerial acts motivated by personal interest in bad faith, Williams in his official capacity.

E. For an award to Pittman, Jr., compensatory damages in an amount of Two Hundred Thousand

18

($200,000.00) dollars against each defendant.

F.   For the above acts of intentional malice or reckless indifference to plaintiff federally protected rights including but not limited to willfully intentionally violation the equal protection clause of the 14th amendment to the United States Constitution, by and through 42 U.S.C.A. section 1983. Assess punitive damages against each defendant, for the acts committed caused by "ministerial acts". In the amount of Five Hundred Thousand ($500, 000.00) dollars against each defendant.

G.   For an order relief which this court deems equitable, proper and just or to make, Ricardo Pittman, Jr., whole accord with the equal protection clause of the 14th amendment to the United States Constitution through 42 U.S.C.A., section 1983.

## COUNT V
## CAUSE OF ACTION UNDER FEDERAL CIVIL RIGHTS ACT

The claims against, defendants, Viamonte Investments Group, LLC., Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company, and its president, Melvin Williams, Housing Authority of Cook County and its apparent agent Anne Richmond, and assumed Nicor Gas Company.

## FOR CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C.A. SECTION 1983 AND 1985 (3)

86.   Pittman repeats, re-alleged and incorporates herein by reference each of the allegations set forth in paragraphs 1 through 85 above as if set forth in fully herein. **IN Haec Verba**.

87.   This action is brought pursuant to 42 U.S.C.A. section 1983, as amended by and through section 1985 (3) of title 42 of the United States code making it unlawful for two (2) or more persons of class of persons to conspire against another person to violate federally protected rights secured by the United States Constitution.

88.   By agreeing to deprive plaintiff of his constitutional rights to equal protection and freedom secured rights. Defendants take numerous overt acts in furtherance of the agreement, and "communication" with each other and discussed "Pittman, Jr., in each meeting in the meeting defendants agreed to commit illegal act.

89. Conspirators rarely formulate their plans in ways susceptible of proof by direct evidence, but they did in this matter the evidence here showed that the defendants had participated in numerous of "private meetings" discussing Pittman's apartment should his lease be terminated which they did.

90. Defendants had private meeting to established conspiracy, the evidence and proof would show each conspirator knew exact limits of illegal plan or identity of all participants, defendants, Perretta Oscar, Salvador Ruiz, Melvin Williams and Anne Richmond therein require that it be established that where was a single plan essential nature and general scope of which was known to each person should be held responsible for its consequence.

91. Defendants, Viamonte investments Group, LLC., Northern Illinois Gas Company, Housing Authority of Cook County and assumed, name Nicor Gas Company, apparent agents Perretta Oscar, Salvador Ruiz, president Melvin Williams, apparent agent, Anne Richmond should be held liable for their acts as well as each employee, and each defendant conspired with each other I numerous of "meetings" discussing Ricardo Pittman, Jr., conspirators discussed this matter with persons not name in the complaint **Adrian Wood and Donna Burns** in the same meeting Pittman was discussed by each defendant when Pittman Apartment lease should be terminated.

92. The existence of such joint venture had been established by the conspirators acts create evidence set out conspiracy as to repetitive or parallel transaction, but defendants' action show they was continued to conspire against Pittman to terminate his lease and breach Pittman contract.

93. **At some time during 2019, Perretta** Oscar entered into conspiracy with Salvador Ruiz, Melvin Williams and Anne Richmond to deprive Pittman of his **constitutional rights. Said conspiracy developed** and was implemented through numerous meetings and conversations among the co-conspirators, most of which took place in Viamonte office at 17835 Torrence, Lansing, Illinois.

94. In furtherance the conspiracy, Perretta **Oscar** agreed to **permit** Salvador **Ruiz,** Melvin **Williams** and Anne **Richmond** to make false statements and accusations against Pittman at Viamonte meeting, which the statements made through conspirators was fabricated and were known by the conspirators by the conspirators to be false.

95. Said acts of Oscar undertaken willfully and maliciously and deprived Pittman of his rights under the fourteenth amendment t the United States Constitution and **42 U.S.C.A. section 1983 and 1985 (3),** said acts of Oscar and Ruiz were performed under color of state law.

96. Defendants, Viamonte Investments Group, LLC., should be held liable for their acts as well as Perretta Oscar, Salvador Ruiz, Melvin Williams and Anne Richmond conduct was racial, "malice evil" motive, their conduct show to be motivated by racial class-based invidiously discriminatory animus behind defendants evil intent to conspire violate Pittman's constitutional rights and deprivation.

97. Conspirators engaged in conspiracy with each other and defendants, Perretta Oscar, Salvador Ruiz, during the "meeting" They discussed Pittman and Oscar discussed Pittman with Williams and Oscar discussed Pittman with Richmond to have Nicor Gas Company disconnect Pittman cooking gas in my apartment. Viamonte agents Oscar discussed Pittman with Nicor Gas Company and shortly thereafter the meeting with Nicor agent to shut off Pittman gas in his apartment and they did so.

98. Defendants jointly unlawful acts of conspiracy to deprive Pittman of his civil rights. The conspiracy consisted of a "meeting" between co-defendants ("Perretta Oscar, Salvador Ruiz, Melvin Williams and Anne Richmond are stated actor"). Oscar discuss Pittman to Ruiz and Ruiz discuss Pittman to Williams and Williams discuss Pittman to Richmond and each defendant discussed Pittman to Richmond and each defendant discussed Pittman and the breach of contract and defendants discuss the proposed termination of the tenancy with the owner. Viamonte.

21

99.   These circumstances of conspirators had a "**meeting" of the "minds"** and it was actual **words of express or "implied" agreement. "An express agreement" and a meeting of the minds** agreement among defendants, Viamonte Investments Group, LLC., employer of its apparent agents, Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company and its president, Melvin Williams, Housing Authority of Cook County and its apparent agent, Anne Richmond and assumed name, Nicor Gas Company.

100.   Defendants intent was motivated by racial class-based, invidiously discrimination animus. Behind defendants intent to conspire to violate plaintiff, Pittman's constitutional rights and deprivation. At sometime during 2018-19, Perretta Oscar entered into a conspiracy with Salvador Ruiz, Melvin Williams, Anne Richmond and other unknown individuals to deprive Pittman of his constitution. Said conspiracy developed and was implemented through numerous meetings and conversations among the conspirators, most of which took place in Viamonte office and the Housing Authority of Cook County Office.

101.   Defendants, Viamonte Investments Group, LLC., should be held liable for their acts as well as its apparent agents, Perretta Oscar, Salvador Ruiz, president, Melvin Williams and Anne Richmond somehow reached an understanding engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate Pittman constitutional rights. Each defendant reach an understanding with each other. Defendant acting individual within scope or course of their employment and each defendant did engage in conspiracy.

102.   Each defendant did reach an understanding, and defendants' conduct was motivated by **racial, actual "malice", "evil", "hate", with intent** to conspire with private parties, and each of them somehow reached an understanding to deny Pittman his constitutional rights. Each defendant, Perretta Oscar, Salvador Ruiz, Melvin Williams and Anne Richmond conspire with each other against Pittman's to have Pittman cooking gas disconnected and termination of **section 8** vouchers and breach his contract.

103. Each defendant did engage in this course of conduct with mutual purpose, objective, and knowledge that it would deprive Pittman of his constitution rights, privileges and immunities, as guaranteed by the constitution and federal laws of the United States. Pittman show there was "express or implied agreement among defendants to deprive plaintiff of secured constitutional rights and it was actual deprivation of those rights in the form of overt acts in furtherance the agreement." Plaintiff alleges and demonstrate that each defendant action raise an inference of a mutual understanding and the acts performed together by the member of conspiracy.

104. Each defendant were acting individual capacity and under color of states law to violate Pittman's constitutional rights.

## CONCLUSION

**Wherefore,** plaintiff, Ricardo Pittman, Jr., prays that this honorable court to:

**A.** Enter declaration judgement under 28 U.S.C.A. section 2201 that Perretta Oscar, Salvador Ruiz, Melvin Williams and Anne Richmond violated Pittman's rights under the fourteenth amendment to the United States Constitution and 42 U.S.C.A. section 1983 and 1985 (3) by engaging said conspiracy.

**B.** For an award of compensatory damages to compensate Pittman for his loss of financial and economic damages, for emotional pain and suffering.

**C.** Enter a judgement for punitive damages in the amount of five hundred thousand dollars ($500,000.00), against Perretta Oscar, jointly and severally with Salvador Ruiz, Melvin Williams, Anne Richmond and other conspirators.

**D.** Enter a judgement in favor of plaintiff and against defendant, Anne Richmond, undertakes and perform ministerial acts motivated by personal interest in bad faith and assess compensatory damages in the amount of two hundred thousand dollars ($200,000.00) against each defendant was acting individual capacity as co-conspirator under color state law.

23

## COUNT VI

## CAUSE OF ACTION UNDER FEDERAL CIVIL RIGHTS ACT

The claims against, defendants, Viamonte Investments Group, LLC, Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company, and its president, Melvin Williams, Housing Authority of Cook County and its apparent agent Anne Richmond, and assumed Nicor Gas Company.

## FOR RACE DISCRIMINATION-VIOLATION OF 42 U.S.C.A. SECTION 1981

105.    Pittman repeats, re-alleges and incorporates herein by reference each of the allegations set

forth in paragraph 1 through 104 above as if set forth fully herein. **IN Haec Verba.**

106.    Plaintiff, Ricardo Pittman, Jr., ("Pittman") by and acting pro-se, complains of defendants, and

stated the following reasons:

107.    At all times relevant hereto, there was in effect a law of the United States of America (42

U.S.C.A. section 1981) which prohibits discrimination against individuals, and which provides, in part as

follows:

a.    **Statement of equal rights**
       all persons within the jurisdiction of the United States shall have the same right
       in every state and territory to make and enforce contracts, to sue, be parties,
       give evidence, and to the full and equal benefit of all laws and proceeding
       for the security of persons and property as is enjoyed by white citizens and shall
       be subject to like punishment, pain, penalties, taxes, licenses, and exactions of every
       kind, and to no other.

b.    **"Make and enforce contracts" defined**
       for purpose of this section, the term "make and enforce contracts" includes the
       making, performance, modification and termination of contracts, and the enjoyment
       of all benefits, privileges terms, and conditions of the contractual relationship.

c.    **Protection against impairment**
       the rights protected by this section are protected against impairment by non-government
       discrimination and impairment under color state law.

108.    At all times, plaintiff was guaranteed and entitled to enjoy the rights to be free from

discrimination and "to have the same right in every state or territory to make and enforce contracts"

specifically, to make an enforce contract for rental of apartment from Viamonte Investment Group, LLC.

109.    At all times relevant hereto, the conduct and activities of defendants, Viamonte, and its apparent agents, Perretta Oscar and Salvador Ruiz, were subject to the laws of the United States which prohibited discrimination generally, and in particular, subject to **section 1981** above.

110.    The conduct and actions defendants, Viamonte Investments Group, LLC. and its apparent agents, Perretta Oscar and Salvador Ruiz, violated the provisions of the laws of the united states in that such conduct and activity constituted affirmative acts of discrimination against plaintiff on the basis of both plaintiffs are not white tenant in the building and his visible disability, by have denied him the opportunity to conduct a business transaction and to make and enter into a new contract for the re-new his lease to his apartment. The existing contract was breach by defendants, Viamonte Investments Group, LLC., and its apparent agents, Perretta Oscar and Salvador Ruiz and other individual name above.

111.    On information and belief, Viamonte Investments Group, LLC. does not provide its employees with any education or training in anti-discriminatory behavior, and such lack of training has resulted in Viamonte's employees engaging in discriminatory conduct in violating of federal law.

112.    The rights protected by 42U.S.C.A. Section 1981 are "protected against impairment by non-Governmental discrimination" as well as from impairment under color of state law.

113.    Defendants, Viamonte and its apparent agents, Perretta Oscar, Salvador Ruiz and Melvin Williams "conspired with a state actor to deprive Pittman of his constitutional rights." Anne Richmond "Ms. Richmond is a state actor." The state caused defendants, Viamonte refused to renews my contract with the Housing Authority of Cook County for my apartment and Viamonte apparent agent, Oscar, Ruiz conspired with a state actor Anne Richmond to breach my contract.

25

## CONCLUSION

**Wherefore**, plaintiff, Ricardo Pittman, prays that this Honorable Court find in favor of plaintiff and enter its order to grant the plaintiff the plaintiff the following relief:

A.    Enter judgment in favor of plaintiff and against defendants, Viamonte Investments Group, LLC., and its apparent agents, Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company and its president, Melvin Williams, Housing Authority Of Cook county and its apparent agent, Anne Richmond Assumed Name Nicor Gas Company and award to plaintiff compensatory damages in the sum in excess of one hundred thousand dollars (\$ 100, 000.00) against each defendant.

B.    Enter judgment in favor of plaintiff and against defendants, Viamont Investments Group, LLC., and its apparent against Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company and its president, Melvin Williams, Housing Authority of Cook County and its apparent agent, Anne Richmond and Assumed Nicor Gas Company, and award to plaintiff punitive damages in excess of one hundred thousand dollars (\$100,000.00) against each defendant.

C.    Enter judgment in favor of plaintiff and against defendants, Viamonte Investments Group, LLC., and its apparent agents, Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company and its president, Melvin Williams, Housing Authority Of Cook County and its apparent agent, Anne Richmond and Assumed Nicor Gas Company, and award to plaintiff all costs and fees incurred by plaintiff in connection with this action.

D.    Award to plaintiff such other and further relief as benefits plaintiff and as this court deems appropriate and just.

## COUNT VII

## PENDENT CLAIMS BASED ON THE LAWS OF ILLINOIS COMMON LAW

The claims against, defendants, Viamonte Investments Group LLC., Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company, and its president, Melvin Williams, Housing Authority of Cook County and its apparent agent Anne Richmond, and assumed Nicor Gas Company.

## FOR BREACH OF CONTRACT BY VIAMONTEINVESTMENTS GROUP, LLC.
## SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS PURSUANT OT
## 28 U.S.C.A.SECTION 1367 (a)

114.    Pittman repeats, re-alleges and incorporates herein by reference each of the allegations set

forth in paragraph 1 through 113 above as if set forth in fully herein. **In Haec Verba.**

115.    Mr. Pittman substantially complied with the terms of the lease.

116.    Section 23 of the lease states in relevant part: "any termination of this agreement by the owner

must be carried out in accordance with HUD regulations, state and local law, and the terms of this

agreement***** if the owner proposes to terminate this agreement, the owner agrees to give the tenant

written notice of the proposed termination ***** notices of proposed termination for [reasons aside from

other good cause] must be given in accordance with any time frames set forth in state and local law ***** all

termination notices must: (1) specify the date this agreement will be terminated; (2) state the grounds for

termination in enough detail for the tenant to prepare a defense; (3) advise the tenant that he/she has 10

days within which to discuss the proposed termination of the tenancy with the owner.

117.   The 10-day period will begin on the earlier of the date the notice was hand delivered to the unit or

the day after the notice was mailed. **See Attached Hereto As Exhibit "C" 1 Of 2.**

118.  If the tenant requests the meeting, the owner disagrees to discuss the proposed termination with

the tenant; and (4) advise the tenant of his/her right to defend the action in court ***** if an eviction is

initiated, the owner agrees to rely only upon those grounds cited in the termination notice *****".

119. By filing a complaint for possession of Mr. Pittman's apartment without providing Mr. Pittman with **proper notice** of when they intended to **terminate my lease,** or stating the grounds for the termination in enough detail for Mr. Pittman to prepare a defense, or advising Mr. Pittman that he had 10 days within which to discuss with them the proposed termination of his lease, Viamonte Investments Group, LLC., and its apparent agents, Perretta **Oscar** and Salvador **Ruiz** breached their contract with Mr. Pittman.

120. Defendant, Viamonte Investments Group, LLC., and its apparent agents, Perretta Oscar and Salvador failure to comply with Section 23 of the lease prevented Mr. Pittman from successfully defending his tenancy.

121. Defendants, Viamonte Investments Group, LLC., and its apparent agents, Perretta Oscar and Salvador Ruiz accepted Mr. Pittman's rent payments after they filed their complaint and prior to the hearing on August 7, 2018.

122. Defendants, Viamonte Investments Group, LLC., and its president, Perretta Oscar and Salvador Ruiz waived any alleged breaches by Mr. Pittman for non-payment or late payment of rent by accepting his rent and by their pattern of accepting late rental payments.

123. Thus, Viamonte Investments Group, LLC., and its apparent agents, Perretta Oscar and Salvador Ruiz also breached Mr. Pittman's lease by terminating it after waiving their right to terminate for non-payment or late payment.

124. Defendants, Viamonte Investments Group, LLC.'s, and its apparent agents, Perretta Oscar and Salvador Ruiz breaches of Mr. Pittman's lease caused him to lose his housing unit his housing subsidy, and most of his personal possession, and causing immense pain and suffering.

## CONCLUSION

**Wherefore**, plaintiff, Ricardo Pittman, Jr., prays that this honorable court to enter a judgment in favor

of plaintiff and against defendant:

A.    For an award compensatory damages against defendant, Viamonte Investments Group, LLC.,

against each defendant and its apparent agents, Perretta Oscar and Salvador Ruiz in an amount of two

hundred thousand dollars ($200,000.00).

B.    For an award of punitive damages in an amount of five hundred thousand dollars ($500,000.00)

against each defendant.

## COUNT VIII
## PENDENT CLAIMS BASED ON THE LAWS OF ILLINOIS COMMON LAW

The claims against, defendants, Viamonte Investments Group, LLC., Perretta Oscar, Salvador Ruiz, Northern Illinois
Gas Company, and its president, Melvin Williams, Housing Authority of Cook County and its apparent agent Anne Richmond, and
assumed Nicor Gas Company.

## FOR WILLFULLY AND WANTONLY MISCONDUCT
## SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS PURSUANT TO
## 28 U.S.C.A.SECTION 1367 (a)

125.   Pittman repeats, re-alleges and incorporates herein by reference each of the allegations

set forth in paragraph 1 through 124 above as if set forth in fully herein. **In Haec Verba.**

126.   Plaintiff, Ricardo Pittman Jr., by and acting pro-se, complains

of defendants, Viamonte Investments Group, LLC., and its apparent agents, Perretta Oscar and Salvador Ruiz,

conduct has been willful and wanton misconduct, wrongfully pursued a lawsuit against Plaintiff Ricardo

Pittman, Jr.

127.   Defendants at all relevant times hereto owed plaintiff a duty of generally not to act in a manner

which defendants knew or should have known that would cause damages to plaintiff's reputation and well-

29

being. Defendant's acts consisted willful and wanton breaches those duties which plaintiff deserves to have freedom from willfully and wantonly misconduct.

128. That as a direct and proximate result of defendants, Viamonte Investments Group, LLC., and its apparent agents, Perretta Oscar and Salvador Ruiz conspired with each other which both of them come to the same concluded.

129. That each defendant, acts constitute willfully and wantonly misconduct was committed under circumstances exhibiting a reckless disregard for the safety of others, including Ricardo Pittman, Jr., knowledge of impending danger. Defendants fabricated documents to create a cause of action for a lawsuit to bring against Ricardo Pittman , Jr. In civil court in Cook County.

130. Defendants, failed to exercise ordinary care to prevent or failure to discover danger through reckless or carelessness which would have been discovered by ordinary care.

131. Defendants, Viamonte Investments Group, LLC., and its apparent agents, Perretta Oscar and Salvador Ruiz's omission as to that duty resulted in injury to the plaintiff. The defendants conspired with each other above to do damage to Ricardo Pittman, Jr. When there should have been no action taking against Pittman. Pittman seeks to recover damages from each defendant for willfully and wantonly misconduct.

132. As a direct and proximate result of defendant's willful and wanton acts, plaintiff has been caused to suffer humiliation, emotional distress, serve anguish and great damages to plaintiff himself, reputation and standing in the community and will continue to suffer these damages in the future.

## CONCLUSION

**Wherefore**, plaintiff, Ricardo Pittman, Jr., prays that this honorable court enter a judgement in favor of plaintiff and against each defendant:

A.    For an award of compensatory damages against defendant, Viamonte Investments Group, LLC.,

and its apparent agents, Perretta Oscar and Salvador Ruiz's. In an amount of two hundred thousand dollars

($200,000.00) against each defendant.

B.    For an award of punitive damages in an amount of five hundred thousand dollars ($500,000.00)

against each defendant.

## COUNT IX
## PENDENT CLAIMS BASED ON THE LAW OF ILLINOIS COMMON LAW
The claims against, defendants, Viamonte Investments Group, LLC., Perretta Oscar, Salvador Ruiz,
Housing Authority of Cook County and its apparent agent Anne Richmond, and assumed Nicor Gas Company.
## FOR TRESPASS TO LAND
## SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS PURSUANT TO
## 28 U.S.C.A. SECTION 1367

133.  Pittman repeats re-alleges and incorporates herein by reference each of the

allegations set forth in paragraphs 1 through 132 above as if set forth in fully herein. **In Haec Verba**

134. The lease entitled  Pittman, Jr.to exclusive possession of apartment, be at **Viamonte Investments**

**Group, LLC.,** 9208 south Kedzie avenue, Evergreen Park, Illinois 60805 ("the premises") from 2016 to 2019.

135.  On and before, 2019, and thereafter, defendants owed Ricardo Pittman a duty not to trespass

upon his property or interfere with his rightful possession of his property.

136. Defendants breached their aforesaid duty to Ricardo Pittman by unlawfully and intentionally

causing an interference with plaintiff's exclusive right to possession of the premises, his close, by unlawfully

causing the taking of possession thereof on or about, 2018, by defendants and others, and by causing the

deprivation of plaintiff's possession or use of the premises thereafter.

137.  Defendants' aforesaid unlawful and intentional acts have proximately caused damage to plaintiff,

which includes, but in not limited by, his loss of possession of the premises, loss of his housing subsidy on or in

connection with the premises, embarrassment, discomfort, annoyance, and immense pain and suffering.

31

## CONCLUSION

**Wherefore,** plaintiff, Ricardo Pittman, prays that this Honorable Court to enter a judgment in

plaintiff's favor and against defendants, Viamonte Investments Group, LLC., and its apparent agents, Perretta

Oscar, Salvador Ruiz, Northern Illinois Gas Company and its president, Melvin Williams, Housing Authority Of

Cook County and its apparent agent, Anne Richmond and Assumed Nicor Gas Company as follows:

for an award of compensatory damages to compensate Pittman for his loss of, other economic damages and

emotional pain and suffering in the amount of one hundred thousand dollars ($100,000.00)             against

each defendants.

A. For an award of punitive damage in an amount of two hundred thousand dollars ($200,000.00)

against each defendant

B. For an award of punitive damages in an amount of two hundred thousand dollars ($200,000.00)

against each defendant.

## COUNT X
## PENDENT CLAIMS BASED ON THE LAWS OF ILLINOIS COMMON LAW

The claims against, defendants, Viamonte Investments Group, LLC., Perretta Oscar, Salvador Ruiz, Northern Illinois
Gas Company, and its president, Melvin Williams, Housing Authority of Cook County and its apparent agent Anne Richmond,
and assumed Nicor Gas Company.

## FOR DECEPTIVE AND UNFAIR ACT IN VIOLATION OF THE CONSUMER FRAUD
## AND DECEPTIVE BUINESS PRACTICES ACT, 815 ILCS SECTION 505 eT seg.

## SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS PURSUANT TO
## 28 U.S.C.A.SECTION 1367 (a)

138.    Pittman repeats, re-alleged and incorporates herein by reference each of the allegations

set forth in paragraphs 1 through 137 above as if set forth in fully herein. **In Haec Verba.**

139.    The Illinois consumer fraud and deceptive business practices act, 815 IL CS section 505

et Seg. (1985), (hereinafter "consumer fraud act") applies to "unfair or deceptive acts or practices ***** in the conduct of any trade or commerce". 815 IL CS sections 505/2.

140. IN the lease, Viamonte Investments Group, LLC. and its apparent agents, Perretta Oscar and Salvador Ruiz agrees to provide certain services associated with maintaining Mr. Pittman's apartment and the apartment building and grounds in general.

141. **Section 23** of the lease required that Viamonte and its apparent agents, Oscar and Ruiz provide Mr. Pittman with a written notice of their intent to terminate his tenancy before doing so.

142. Defendants were engaged in the conduct of trade or commerce under the consumer fraud act.

**A.    DECEPTIVE ACTS AND UNFAIR IN VIOLATION OF THE CONSUMER FRAUD ACT.**

143. Defendant, Oscar, Ruiz and Viamonte's filed their complaint for possession without proper notice concealed, suppressed, or omitted the fact that they were terminating Mr. Pittman's lease and the basis for their termination of his lease.

144. Had defendants, Viamonte and its apparent agents, Perretta Oscar and Salvador Ruiz notified Mr. Pittman, Jr., of their intent to terminate his lease and the basis of their termination, Mr. Pittman, Jr., would have cured the alleged default on his lease within the applicable cure period.

145. Defendants' decision to terminate Mr. Pittman's lease and the basis of their decision to terminate his lease were material to act.

146. Defendants' intended for Mr. Pittman, Jr., to rely on their actions and omissions to act.

147. Defendants' actions and omissions to act were deceptive.

148. Defendants' actions and omission to act were unfair acts.

**B.    DECEPTIVE ACTS IN VIOLATION OF THE UNIFORM DECEPTIVE TRADE PRACTICES ACT, 815 IL CS SECTION 510 Et Seg**

149. The Violations of the uniform deceptive trade practices act 815 IL CS section 510 Et Seg.

33

("**UDPTA**") are unfair or deceptive acts or practices under the consumer fraud act.

150. Defendants' actions or omissions were unfair and/or deceptive under the consumer fraud act since the violated the UDTPA.

151. Defendants' Viamonte, Oscar, Ruiz, Northern, Williams, Housing ACC, Richmond and Nicor actions or omissions damaged Mr. Pittman Jr.

152. Plaintiff damages included plaintiff loss full control over his housing unit, his housing subsidy, and most of his personal possession is loss and damage over the past year this apartment was flooded and the floors and walls mildewed terribly so that living in the apartment with that smell is almost unbearable as well as immense emotional distress.

153. Plaintiff demand trial by jury.

## **CONCLUSION**

**Wherefore**, plaintiff, Ricardo Pittman, Jr., prays that this honorable court to enter a judgement in favor of plaintiff and against each defendant.

A. For an award of compensatory damages against defendant, Viamonte Investments Group, LLC. its president Perretta Oscar. Northern Illinois Gas Company, and its president, Melvin Williams, Nicor Gas Company. In an amount of two hundred thousand dollars ($200,000.00) against each defendant.

B. For an award of punitive damages in an amount of five hundred thousand dollars ($500,000.00) against each defendant.

## COUNT XI
## PENDENT CLAIMS BASED ON THE LAWS OF ILLIOIS COMMON LAW

The claims against, defendants, Viamonte Investments Group, LLC., Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company, and its president, Melvin Williams, Housing Authority of Cook County and its apparent agent Anne Richmond, and assumed Nicor Gas Company.

## FOR DEFAMATION PER-SE
## SUPPLEMENTAL JURISIDICTION OVER STATE LAW CLAIMS PURSUANT TO
## 28 U.S.C.A. SECTION 1367(a)

154. Pittman repeats, re-alleged and incorporated herein reference each of the allegations set forth in paragraphs 1 through 153 above as if set forth in fully herein **IN Haec Verba**.

155. Plaintiff, Ricardo Pittman, Jr., by and acting pro-se complains of defendants, Viamonte Investments Group, LLC., and apparent agents, Perretta Oscar and Salvador Ruiz as follow:

156. Illinois recognizes cause of action for defamation per-se I'm putting the commission A criminal offense, words I'm putting an inability to perform or want to integrity in the discharge of duties of office of employment, and words prejudicing a particular person in his professional trade.

157. Defendants, Viamonte and its apparent agent, Perretta Oscar and Salvador Ruiz statements were not protected by absolute privilege nor qualified privilege because Oscar and Ruiz was not in good faith making these statements was false and made with malice and reckless disregard for the truth. The facts clearly show that Oscar and Ruiz statements were not generated as part of any judicial or legislative proceeding. Oscar and Ruiz statements were judicial proceeding. on information and belief defendants' allegation against plaintiff were publicized to plaintiffs' friends in the community and others as **Adrian Wood** employed by Nicor Gas Company, **Donna Burns** employee for Housing Authority of Cook County.

158. Moreover, defendant's defamatory and untrue statements against plaintiff were made maliciously with knowledge of the falsity of their statements or reckless disregard of the truth and with

knowledge that their accusation would ruin plaintiff's career in his work thereby causing his economics injury and mental anguish.

159. Defendants, made defamatory statements accusing plaintiff moved out of his apartment BE at 9208 South Kedzie Avenue, Evergreen Park, Illinois 60805. So defendants, Viamonte and its apparent agents, **Oscar** and **Ruiz** have **Nicor Gas Company to shut my cooking gas off**. Defendants lied to Nicor Gas because plaintiff never moved from this address 9208 South Kedzie Avenue, Evergreen Park, Illinois 60805. As such those utterances are defamatory per-se. Defendants knew or should have known those statements alleged misconduct by Perretta **Oscar** and Salvador **Ruiz** was not protected by absolute privilege.

160. Illinois law according to statements made to such third party or person. Knowing that such statements were false with malicious intent to injure Pittman, Jr., and his reputation and standing in the community and defendants, Perretta Oscar and Salvador Ruiz acted with actual malice and with evil intent to damage plaintiff. Each defendant, Oscar and Ruiz participation in the publication and publing to others persons, Donna Burns employed by Nicor Gas Company. Defendants statements made to be defamatory per-se were made with actual "malice" to damage Pittman, Jr.

161. Plaintiff demand trial by jury.

## CONCLUSION

**Wherefore,** plaintiff, prays that this honorable court to enter a judgement in plaintiffs' favor and against each defendant, Viamonte Investments Group, LLC., and its apparent agents, Perretta Oscar and Salvador Ruiz as follows:

A. As a direct result of defendants, Viamonte Investment Group, LLC., and its apparent agents,

Ruiz defamatory and untrue statements, plaintiff suffered irreparable injury to his good name and

reputation as a well financial injury, and loss of income and award compensatory damage in an amount of

two hundred thousand dollars ($200,000.00).

B. For an award of punitive damages in an amount of five hundred thousand dollars ($500,000.00)

against each defendants.

## COUNT XII

### PENDENT CLAIMS BASED ON THE LAWS OF ILLINOIS COMMON LAW

The claims against, defendants, Viamonte Investments Group, llc., Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company, and its president, Melvin Williams, Housing Authority Of Cook County and its apparent agent Anne Richmond, and assumed Nicor Gas Company.

### FOR DEFAMATION "FLASELIGHT"

### SUPPLEMENTAL JURISIDICTION OVER STATE LAW CLAIMS PURSUANT TO 28 U.S.C.A. SECTION 1367(a)

162. Pittman, repeats, re-alleged, and incorporates herein by reference each of the allegations

set forth in paragraph 1 through 161 above as if set forth in fully herein. **IN Haec Verba.**

163. Plaintiff **Ricardo Pittman, Jr.,** ("Pittman") by and acting pro-se complains of defendants,

**Viamonte Investments Group, LLC.** and its apparent agents, **Perretta Oscar, Salvador Ruiz, Northern Illinois**

**Gas Company, Melvin Williams, Housing Authority of Cook County** and its apparent agent, **Anne Richmond**

**and Nicor Gas Company** as follows:

164. Illinois law recognizes a cause of action for defamation: "false light." Defendants placed the

plaintiff in false light and cause Pittman, Jr., to be denied rights to defend litigations against him in certain

court due to defendants giving court false information about Ricardo Pittman, Jr. Jonathan Koyn appears in

court and represent false statements about Pittman, Jr. on numerous occasions to the court.

165. Defendants, Viamonte Investments Group, LLC., and its apparent agent, Perretta Oscar,

Salvador Ruiz, Northern Illinois Gas Company and its president, Melvin Williams, Housing Authority of Cook

37

County and its apparent agent, Anne Richmond and Assumed, name Nicor Gas Company ulterior motive by not making adequate disclosure such that the selective reference as painted false picture of the plaintiff and invasion of private intrusion seclusion.

166.    Defendants' unauthorized intrusion pried into plaintiffs' seclusion, the matter upon which the intrusion caused anguish and suffering. Defendants acted with "actual malice", that is with knowledge and defendants statements knowing to be false with reckless disregard the statements were true or false.

167.    Defendants seek to redress the unreasonable intrusion upon privacy of plaintiff's rights to seclusion, and violation of rights to privacy when defendants publicly and unreasonable placed Pittman's in a false light and defendants illegally pried into plaintiffs' seclusion, intrusion.

168.    Defendants repeated with such persistence and frequency as to amount to a course of harassing plaintiff, which becomes a substantial burden on plaintiff existence future including slander and defamation of character, and plaintiffs' privacy had been invaded.

169.    Defendants, Viamonte Investments Group, LLC., and its apparent agents, Perretta Oscar and Salvador Ruiz intentional and malicious misconduct jeopardized plaintiff's rights to a fair trial. The matter in front of Judge Kathleen Marie Burke in the circuit court of Cook County, Illinois. As a direct result of those false statements, cause plaintiff suffered severe emotional distress, and was forced to seek additional medical attention to relive severe and constant headaches, loss of appetite and sleep.

170.    Defendants continued to prying into plaintiff seclusion, intrusion. Defendants, Viamonte and its apparent agents Oscar and Ruiz repeatedly alleged allegations not relevant to the case were pending in Judge Kathleen Marie Burke court. The allegations accused Ricardo Pittman, Jr., refused to pay his rent and placed Pittman in "false light" and publicized caused plaintiff to be highly offensive and publicized are not legitimate public concern, publicizes plaintiff's photo to the public.

38

171. Defendants, **Viamonte Investments Group, LLC.,** and its apparent agents, Perretta Oscar and Salvador Ruiz, Northern Illinois Gas Company, and its president, Melvin Williams, Housing Authority of Cook County, and its apparent agent, Anne Richmond and conspired with Viamonte apparent agent Oscar, Ruiz and Northern Illinois Gas Company, President Williams to put Pittman Jr., in the false light.

172. Defendants, unauthorized intrusion, prying into plaintiff's seclusion, intrusion. Plaintiff very much offensive as a reasonable person, this information defendants obtain intrusion occurs is private and intrusion cause anguish and suffering.

173. Plaintiff's was placed in a false light before the public by defendants, Viamonte and its apparent agents, Perretta Oscar and Salvador Ruiz, Northern Illinois Gas Company and its President, Melvin Williams, Housing Authority of Cook County and its apparent agent, Anne Richmond and Nicor Gas Company, "Assumed name Nicor", the false light would be very offensive to the plaintiff, and defendants acted with actual malice.

## CONCLUSION

**Wherefore,** plaintiff, Ricardo Pittman, Jr., prays that this honorable court enter an order against defendants, Viamonte and its apparent agents, Perretta Oscar and Salvador Ruiz, Northern Illinois Gas Company and its President, Melvin Williams, Housing Authority of Cook County and its apparent agent, Anne Richmond and Nicor Gas Company, "Assumed name Nicor" as follows:

**A.** For an award of compensation damages in an amount of two hundred thousand dollars ($200,000.00) against each defendant.

**B.** For an award of punitive damages in an amount of five hundred thousand dollars ($500,000.00) against each defendant.

39

## COUNTXIII

## PENDENT CLAIMS BASED ON THE LAWS OF ILLINOIS COMMON LAW

Claims against each defendants, Viamonte Investments Group, LLC, Perretta Oscar and its agents, Salvador Ruiz, Ruiz, Northern Illinois Gas Company, and its president, Melvin Williams, Assumed Name, Nicor Gas Company

## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS PURSUANT TO
## 28 U.S.C.A.SECTION 1367(a)

174. Pittman repeats, re-alleges and incorporates herein by reference each of the allegations set forth in paragraphs 1 through 173 above as if set forth fully herein. **IN Haec Verba.**

175. Plaintiff, **Ricardo Pittman, Jr.,** ("Pittman") by and acting pro-se, complains of defendants,

**Viamonte Vestments Group, LLC.,** and its apparent agents, **Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company,** and its president, **Melvin Williams, Housing Authority of Cook County** and its apparent agent, **Anne Richmond** and Assumed Name **Nicor Gas Company** and states as follows:

176. Illinois law recognizes a cause of action for intentional infliction of emotional distress which makes unlawful certain extreme and outrageous conduct results in severe emotional distress, defendants acted with actual "malice" and "evil intent" to damage plaintiff.

177. Defendants' extreme and outrageous conduct, including, but not limited to the acts of slander, defamation of character, intentional caused Pittman mental and emotional distress Pittman suffered embarrassment and humiliation as well severe headaches.

178. Defendants' conduct was extreme and outrageous, that defendants either intended that their conduct should inflict severe emotional distress or they knew there was a high probability that their conduct would cause severe emotional distress, and that defendants' conduct in fact caused severe emotional distress.

179. Defendants' acted with evil intent to do harm to Pittman. Defendant's intent to cause harm to Pittman and reckless disregard for Pittman's constitutional rights.

40

180.   Defendants' conduct were so outrageous and their actions were intentional with malice, hate and intent to damage Pittman with affirmative, conscious, disregard of specific consequences which were certain to injure Pittman.

181.   Plaintiffs' sustained several emotional distress and he became highly nervous and was forced to seek additional attention to relieve constant and severe headaches and loss of appetite; and loss of sleep as result of defendants' acts.

182.   Defendants' conduct show and can be found extreme and outrageous. It goes "beyond all possible bounds of decency" and defendants acts cause distress and will be found severe if "no reasonable person could be expected to endure."

## CONCLUSION

**Wherefore**, Ricardo Pittman, Jr. prays that this Honorable Court to enter a judgment in plaintiff's favor and against defendants, Viamonte Investments Group, LLC., and its apparent agents, Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company and its president, Melvin Williams, Housing Authority Of Cook County and its apparent, Anne Richmond and Assumed Name Nicor Gas Company as follows:

**A.**   For an award of compensatory damages to compensate Pittman for his loss of, other economic damages and emotional pain and suffering in the amount of two hundred thousand dollars ($200,000.00) against each defendant.

**B.**   For an award of punitive damage in an amount of five hundred thousand dollars (500,000.00) against each defendant.

41

## COUNT XIIII
## PERDENT CLAIMS BASED ON THE LAWS OF ILLINOIS COMMON LAW

The claims against, defendants, Viamonte Investments Group, LLC., Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company, and its president, Melvin Williams, Housing Authority of Cook County and its apparent agent Anne Richmond, and assumed Nicor Gas Company.

## FOR MALICIOUS PROSECUTION
## SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS PURSANT TO
## 28 U.S.C.A. SECTION 1367 (a)

183. Pittman repeats, re-alleges and incorporates herein by reference each of the allegations set forth in paragraphs 1 through 182 above as if sat forth fully herein. **IN Haec Verba.**

184. Plaintiff's Ricardo Pittman, Jr., ("Pittman") by and acting pro-se, complains of defendants and states as follows:

185. Defendants, Viamonte, Attorney, Koyn presented fabricated documents to the Court and appeared in front of the court to enforce non-existing case and prosecute in absence of probable cause.

186. The statements made by defendants were not a mistake or error, It was intentional negligent. The statements made by defendants with knowledge of falsity and reckless disregard for the truth or false statements to wrongfully cause the plaintiff to be in the false light and prosecuted wrongfully.

187. In addition, malice may infer from intentional malice and intentional lies and want of probable cause. Defendants conspired with each other to injury plaintiff and thereby are guilty of malicious and willful conduct where actual damages were sustained by reason of the expense that were put in litigation in this action and defendants deliberately inflicted injury on plaintiff.

188. Defendants conspired and maliciously prosecuted complaint against plaintiff and defendants malicious use of process in obtaining wrongful action against Pittman, Jr. Defendants brought the underlying action maliciously against plaintiff for no reasons and without probable cause that underlying action was

terminated in plaintiff favor, and that plaintiff sustained some injury or special damage beyond usual expense time or annoyance in defending the lawsuit.

189. That defendants each of them acted with actual malice toward plaintiff. Defendants' motivation causing the case to be wrongfully filed and having the plaintiff with additional expense and improper abuse of process of law, which has cause injury to the plaintiff. In addition, malice may be inferred from intentional malice of want of probable cause.

190. The institution and prosecution of judicial proceeding, defendants, Viamonte Investments Group, LLC., and its apparent agents, Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company and its president, Melvin Williams, Housing Authority Of Cook County and its apparent agent, Anne Richmond and Assumed, Name Nicor gas Company. Defendants lack probable cause for proceeding with malice in in instituting the proceeding; and the termination of the prior cause in plaintiff favor and defendants acts cause the plaintiff suffered because of some special injury beyond the anxiety, loss of time, costs and expenses.

191. **Viamonte Investments Group, LLC. v. Ricardo Pittman, Jr., Case no: 2018 5 006082 in the Circuit Court of Cook County, Illinois, municipal Department, Fifth District.**

192. Defendants, Viamonte Investments Group, LLC., and its apparent agents, Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company and its president, Melvin Williams, Housing Authority Of Cook County and its apparent agent, Anne Richmond and assumed Name Nicor Gas Company wrongfully acts caused this case to be wrongfully filed and wrongfully prosecuted and caused plaintiff additional expense.

193. That defendants caused the plaintiff to suffer great mental anguish, physical discomfort, each of them acted, evil, hate, and with "actual malice."

194. At all time, the aforementioned claim was filed by defendants knew or should have known that all of the allegations made by defendants against plaintiff were false.

43

195. As a direct result of defendants' instituted and prosecuted this matter through malice knowing no cause of action against plaintiff and the cause of action were wrongfully filed. Defendants acts caused plaintiff to suffered damages, including harm to plaintiff and damage to Pittman reputation, mental anguish, conspiracy was defendants' intent to wrongfully file constitute malicious prosecution.

196. Defendants' lawsuit against plaintiff was wrongfully filed and the lawsuit were terminated in plaintiff's favor, defendants' claim was brought maliciously without probable cause plaintiff suffered some special injury or special damages beyond the usual expense time, annoyance or inconvenience in defending the lawsuit.

197. That the wrongful acts of defendants herein constitute malicious prosecution of plaintiff. As a direct and proximate result of the wrongfully act of the defendants herein, the plaintiff sustained damages for wrongfully filed fabricated documents.

198. Defendants wrongfully filed this lawsuit and commencement or continuance of a civil or criminal judicial proceeding by the defendants and the proceeding was terminated in plaintiff favor July 9, 2019. **See Attached Hereto As Exhibit "D" 1 Of 8.**

199. The absence of probable cause to bring this proceeding against plaintiff, the presence of malice and damages to the plaintiff resulting from the commencement or continuation of the proceeding.

200. Plaintiff demands trial by jury.

## CONCLUSION

**Wherefore,** plaintiff, Ricardo Pittman, Jr., prays that this honorable court to enter a judgement in plaintiff favor and against defendants, Viamonte Investments group, LLC., and its apparent agents, Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company and its president Melvin Williams, Housing Authority of Cook County and its apparent agent, Anne Richmond and assumed, name Nicor Gas company as follows:

44

A. For an award of compensatory damages to compensate Pittman, Jr., for loss income other

economics damages and emotional pain and suffering in the amount of two hundred thousand dollars

($200,000.00) against each defendant.

B. For an award of punitive damages in amount of five hundred thousand dollars

($500,000.00) against each defendant.

## COUNT XV

### PENDENT CLAIMS BASED ON THE LAW OF ILLINOIS COMMON LAW

The claims against, defendants, Viamonte Investments Group, LLC, Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company, and its president, Melvin Williams, Housing Authority Of Cook County and its apparent agent Anne Richmond, and assumed Nicor Gas Company.

## FOR MALICIOIUS ABUSE OF PROCESS

## SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS PURSUANT TO

## 28 U.S.C.A. SECTION 1367 (a)

201. Plaintiff's repeats, re-alleges and incorporates herein by reference each of the allegations set

forth in paragraphs 1 through 200 above as if set forth in fully herein. **In Haec Verba**

202. Plaintiff Ricardo Pittman, Jr., by and acting pro-se, complains of defendants, Viamonte

Investments Group, LLC., and its apparent agents, Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company

and its president, Melvin Williams, Housing Authority Of Cook County and its apparent agent, Anne Richmond

and Assumed Nicor Gas Company as follows:

203. At all relevant times to this cause of action defendants, instituted this complaint against

plaintiff and each of defendants knew the falsity and maliciously and without probable cause, but defendants

instituted the action wrongfully filed against plaintiff.

204. That defendants and their attorney knew there was no probable cause exist, but defendants

instituted this action wrongfully and prosecuted, and each defendant knew from personal knowledge that

plaintiff never committed any act or fraud against defendants.

205. That defendants were motivated by conspiracy in wrongful filing these documents without probable cause to bring this lawsuit against plaintiff. Defendants knew these claims were improper and abuse of process of law cause injury to the plaintiff. In addition, malice may be inferred from intentional lies and want of probable cause.

206. The institution and prosecution of judicial proceeding defendants; lack of probable cause for those proceeding; with malice in instituting these proceeding; and the prior cause was terminated July 9, 2019 in plaintiff favor, and plaintiff suffered some special injury, beyond the anxiety, loss of time, expense, and necessity for plaintiff to defending his reputation which are not incident to defendants lawsuit. ("Viamonte Investments Group, LLC. v. Ricardo Pittman, Jr., **Case No: 0218 M 5 006082** in the Circuit Court Of Cook County Municipal Department, Fifth District").

207. That defendants unlawfully, wrongfully and maliciously conspired to institute the aforesaid complaint against plaintiff wrongful, malicious and unlawful purpose and ulterior motive of harassing, embarrassing and humiliation of plaintiff for no reasons.

208. That defendants, Viamonte Investments Group, LLC., and its apparent agents, Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company and its president, Melvin Williams, Housing Authority Of Cook County and its apparent agent, Anne Richmond and Assumed Nicor Gas Company, unlawfully, intentionally misused the legal process not in regular prosecution of such proceeding, Defendants unlawful acts and existence of an ulterior purpose and motive constitute intentional abuse of legal process.

209. That defendants, Viamonte Investments Group, LLC., and its apparent agents, Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company and its president, Melvin Williams, Housing Authority Of Cook County and its apparent agent, Anne Richmond and assumed Nicor Gas Company willfully, illegally and improperly used the process after it was issued in manner not contemplated by law, had illegally willfully and

improperly used the process in attempt to obtain result not intent by law and had illegally, willfully and improperly perverted use of process to accomplish result outside the scope of the law.

210.    Plaintiff alleging damage as direct consequence and result, stated a claim for which relief could be granted, and defendants' abuse of process violated by using it for the ulterior motive or purpose of damaging Pittman, Jr.

211.    That defendants, Viamonte Investments Group, LLC., and its apparent agents, Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company and its president, Melvin Williams, Housing Authority Of Cook County and its apparent agent, Anne Richmond and Assumed Nicor Gas Company instituted this proceeding against plaintiff for an improper purpose, such purpose was to damage Pittman and intimidate or embarrassment; defendants, Viamonte's mere institution this lawsuit for an improper purpose, and misapplication of process was used to accomplish; some results that are beyond the purpose of the process.

212.    Subsequent to the insurance of defendants conduct consist of their attempts to employ a legitimate process for a legitimate purpose in an improper manner.

213.    That as a result of the defendants, Viamonte Investments Group, LLC., and its apparent agents, Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company and its president, Melvin Williams, Housing Authority Of Cook County and its apparent, Anne Richmond and Assumed Nicor Gas Company's misuse of process, and the plaintiff's was injured and damages include actual damages. The defendants had a purpose, and keeping plaintiff from conducting his usual business.

214.    Defendants, Viamonte Investments Group, LLC., and its apparent agents, Perretta Oscar, Salvador Ruiz abuse the process it was willful and wantonly committed with actual malice and reckless disregard of the rights of the plaintiff's and there was no legitimate case was pending against plaintiff at the time defendants was using the legal process.

215. That existence of an ulterior motive or purpose and an act in the use of legal process not improper in the regular prosecution of proceedings. The ulterior purpose: Defendants, Viamonte Investments Group, LLC. and its apparent agents, Perretta Oscar, Salvador Ruiz attempting to hold plaintiff hostage for no reason. The Defendants caused an ulterior purpose envisioned by tort of abuse of process.

## CONCLUSION

**Wherefore**, plaintiff, Ricardo Pittman, prays that this Honorable Court to enter a judgment in plaintiff favor and against defendants, Viamonte Investments Group, LLC., and its apparent agents, Perretta Oscar, Salvador Ruiz, Northern Illinois Gas Company and its president, Melvin Williams, Housing Authority Of Cook County and its apparent agent, Anne Richmond and Assumed Nicor Gas Company as follow:

A. For an award of compensatory damages in an amount of one hundred thousand dollars ($100,000.00) against each defendant.

B. For an award of punitive damages in an amount of two hundred thousand dollars ($200,000.00) against each defendant.

Respectfully Submitted
Ricardo Pittman Jr.

Ricardo Pittman, Jr.
Plaintiff Acting Pro -se

**Ricardo Pittman, Jr.**
9208 South Kedzie Avenue
Apartment BE
Evergreen park, Illinois 60805.
(630) 235-8209

48

Law    te: 8/22/2018

FILED
8/7/2018 3:34 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
20185006082

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIFTH DISTRICT

Viamonte Investments Group, LLC            )    Case No. 20185006082
                                           )
            Plaintiff,                     )    Rent or Damage Claimed: $2,650.00 +
                                           )    future rent, fees, charges and costs
                                           )
    v.                                     )
                                           )    Return Date: August 22, 2018
Ricardo Pittman; Unknown Occupants,        )
                                           )
            Defendants.                    )

### COMPLAINT

The Plaintiff claims as follows:

1.      The Plaintiff is entitled to an eviction order of the following described premises in the City or Village of:  9208 S. Kedzie Ave, Apt GE, Evergreen Park, IL 60805

2.      The Defendants unlawfully withhold possession thereof from the Plaintiff, Viamonte Investments Group, LLC.

3.      There is due to Plaintiff from Defendant, Ricardo Pittman, for rent or for damages for withholding possession of said premises from 6-1-18 to 8-1-18 after allowing the Defendant all just credits, deductions and set-offs, the sum of $2,650.00 (as of 8-1-18), plus future rent, fees, charges and court costs.

The Plaintiff claims an eviction order and $2,650.00 (as of 8-1-18), plus future rent as it accrues, fees and charges recoverable under the Lease and court costs, as rent or damages.

    I, Jonathan Koyn, Attorney at Law, certify that I am the attorney for the plaintiff in the above entitled action.  The allegations in this complaint are true.

                                    /s/ Jonathan R. Koyn
                                    Attorney for Plaintiff

Atty. No: 45386
Jonathan Koyn
Attorney at Law
1034 Sterling Avenue
Flossmoor, IL 60422
(708) 960-0487






175 West Jackson Boulevard, Suite 350
Chicago, Illinois 60604
(312) 663-5447
www.thehacc.org

# HOUSING ASSISTANCE PAYMENTS CONTRACT RENEWAL NOTIFICATION

05/20/2019

t0001603
RICARDO PITTMAN
9208 S KEDZIE  GN-E
EVERGREEN PARK, IL 60805

The "Housing Assistance Payments Contract" between the landlord and the "Housing Authority of the County of Cook" has been extended.

The rent portions below are effective 07/01/2019.

1. | Contract Rent | $ 750.00 |
   | Tenant Rent | $ 356.00 |
   | Housing Assistance Payment | $ 394.00 |
   | Tenant Utility Check | $ 0.00 |

2. The landlord certifies that the rent listed above does not exceed the rent charged for similar units in the building or complex (if any).

3. No other payments beyond the amounts listed above are allowed.

4. Except for any changes in item #1 above, all the current lease provisions will apply to the new lease term without alteration, except as contained within the AUTHORITY's Confirmation of Lease Rider Notice.

5. The current form HUD 52641-A (TENANCY ADDENDUM) shall be an addendum to any new lease.

6. The statements made in form HUD 52517 (Request for Tenancy Approval) are still valid, including the certification that the heating and hot water systems are in safe and proper operating condition.

7. The provisions of the revised "Housing Assistance Payments Contract (HUD-52641) or any subsequent contract forms will apply.  This renewal document is hereby incorporated into the "Housing Assistance Payments Contract" for the premises.

Visit the new www.thehacc.org to Access the Rent Café Resident Portal.  Register today to update contact information, review record details, and contact your caseworker. Your registration code is **2673-tt0001603**.

CC: VIAMONTE INVESTMENTS GROUP LLC 9208 KEDZ

PLAINTIFF'S EXHIBIT B
1 OF 2



Visit the new www.thehacc.org to Access the Rent Café Resident Portal.
Register today to update contact information, review record details,
and contact your caseworker.

Pay Date:09/12/17 **Chk No:** 185348 **ID No.:** 108211 NICOR        **Dept.:**

| INVOICE | DATE | DESCRIPTION | NET |
|---------|------|-------------|-----|
| 190248 | 09/01/2017 | #8708940941 Ricardo Pittman | 100.00 |
| | | | |
| **Memo** | | **TOTAL** | 100.00 |

Pay Date:09/12/17 **Chk No:** 185348 **ID No.:** 108211 NICOR        **Dept.:**

| INVOICE | DATE | DESCRIPTION | NET |
|---------|------|-------------|-----|
| 190248 | 09/01/2017 | #8708940941 Ricardo Pittman | 100.00 |
| | | | |
| **Memo** | | **TOTAL** | 100.00 |

THE KEY TO DOCUMENT SECURITY · HEAT ACTIVATED THUMB PRINT · ADDITIONAL SECURITY FEATURES INCLUDED · SEE BACK FOR DETAILS

**The Salvation Army-City Fund**
**City Fund**
5040 N. Pulaski Rd.
Chicago IL 60630

Bank of America Illinois
135 South LaSalle Street
Chicago, Illinois 60603

**185348**

| CHECK NO. | DATE | AMOUNT |
|-----------|------|--------|
| 185348 | 09/12/17 | $100.00 |

One Hundred and no/100

**MUST HAVE TWO SIGNATURES**
**VOID AFTER 90 DAYS**

PAY
TO THE
ORDER
OF

**NICOR**
**PO BOX 5407**
**CAROL STREAM IL 60197-5407**

AUTHORIZED AGENTS

William E Yeo
AUTHORIZED AGENTS

For



⑂" ⅃⅃85348" ⅃:0 7 ⅃0000 39⅃:866650 26 54 ⅃"

## LANDLORD'S FIVE DAYS NOTICE

TO: **Ricardo Pittman and Any and All Unknown Occupants**
**9208 S. Kedzie Ave.**
**Apartment GE**
**Evergreen Park, Illinois 60805**

You are hereby notified that there is now due to the undersigned landlord the sum of One Thousand One Hundred and No/100 ($1,100.00) as the balance of rent plus Three Hundred Fifty and No/100 ($350.00) as late fee for the month(s) of June, 2018 being rent for the premises situated in the Village of Evergreen Park, County of Cook and the State of Illinois, described as follows, to wit: 9208 S. Kedzie Ave. Apartment GE, Evergreen Park, Illinois 60805 together with all buildings, sheds, closets, outbuildings, garages and barns used in connection with said premises.

And you further notified that payment of said sum so due has been and is hereby demanded of you, and that unless payment thereof is made on or before the expiration of five days after service of this notice your lease of said premises will be terminated. Viamonte Investments Group, LLC is hereby authorized to receive said rent so due, for the undersigned.

ONLY FULL PAYMENT of the rent demanded in this notice will waive the landlord's right to terminate the lease under this notice, unless the landlord agrees in writing to continue the lease in exchange for receiving partial payment.

Dated this 11th day of June, 2018.

_____
LANDLORD and or AGENT

STATE OF ILLINOIS )
)
COUNTY OF COOK )

### AFFIDAVIT OF SERVICE

I, _____, being duly sworn, on oath deposes and says that on the ___ day of _____, 2018, served the within notice on the tenant named therein, as follows:

(1) by delivering a copy thereof to the within named tenant, _____.

_____
Landlord or Agent

Subscribed and sworn to before me this
___ day of _____, 2018.

_____
NOTARY PUBLIC


PLAINTIFF'S
EXHIBIT
C
1 OF 2

# 30 DAY
# NOTICE TO QUIT TENANCY

**TO: Ricardo Pittman and any and All Unknown Occupants**
**9208 S. Kedzie Ave.**
**Apartment GE**
**Evergreen Park, Illinois 60805**

I hereby demand in 30 days, possession of the following described premises:

### 9208 S. Kedzie Ave., Apartment GE, Evergreen Park, Illinois 60805

situated in the Village of Evergreen Park, County of Cook and the State of Illinois, described as follows, to wit:

### 9208 S. Kedzie Ave., Apartment GE, Evergreen Park, Illinois 60805

together will all buildings, sheds, closets, outbuildings, garages and barns used in connection with said premises.

Dated this 11th day of June, 2018.

Viamonte Investments Group, LLC

**STATE OF ILLINOIS** )

**COUNTY OF COOK** )

## AFFIDAVIT OF SERVICE

I, _____, being duly sworn, on oath deposes and says that on the ___ day of _____, 2018, I served the within notice on the tenant named therein, as follows:

(1)   by delivering a copy thereof to the within named tenant, _____.

_____

Subscribed and sworn to before me this ___ day of _____, 2018.

_____
NOTARY PUBLIC



Order/Trial Call                                                                                (05/03/13) CCM N346

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### _____ MUNICIPAL DISTRICT

LINE NO. _____

Vamonte

v.

Ricardo Pittman JR                    No. 2018 S006082

## TRIAL CALL ORDER

Present before the Court: ❑ Plaintiff(s) ❑ Defendant(s) ❑ Plaintiff(s)' Counsel ❑ Defendant(s)' Counsel

THIS MATTER having come before the Court, the Court having jurisdiction and being fully advised,

**IT IS HEREBY ORDERED:**

4213 ❑ Alias Summons to Issue for _____

4292 ❑ Amended Complaint or Petition - Allowed _____

4295 ❑ Close Discovery - Allowed _____

4235 ❑ File Counterclaim or Cross Complaint - Allowed _____

4234 ❑ File Appearance or Jury Demand Answer or Plead Allowed _____

4219 ❑ Defendant _____ is defaulted because Defendant
     ❑ Failed to File an Appearance and/or ❑ Failed to File an Answer and the cause is set for

4247 ❑ PROVE-UP on _____, _____ at _____ a.m./p.m.

4406 ❑ Set for STATUS. All parties must appear _____, _____ at _____ a.m./p.m. Room _____

4482 ❑ Set for TRIAL on _____, _____ at _____ a.m./p.m. Room _____

8005 ❑ Case Dismissed for Want of Prosecution

8011 ❑ Case Dismissed by Agreement of Parties/No Cost  ❑ With ❑ Without Prejudice

8031 ❑ Default Judgment for Plaintiff for $ _____ v. _____ (Defendant)
     Defendant having been defaulted because Defendant ❑ Failed to File an Appearance ❑ Failed to File an Answer

8001 ❑ Judgment for Plaintiff after trial for $ _____ with costs assessed v. _____ (Defendant)

4293 ❑ Assess Costs - Allowed

8002 ❑ Judgment for Defendant _____ after trial

9207 ❑ it being further agreed that installment payments be made as follows: _____

( ) _____

9208 ❑ Order Final and Appealable

( ) ❑ See Attached Order: _____

4304     The date of _____ is hereby stricken.

**ENTERED**

JUL 09 2019

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Atty. No.: PRO-SE

Name: RICARDO PITTMAN JR.

Attorney for: PRO-SE

Address: 9208 S KEDZIE AV. APT. HBE

City/State/Zip Code: EVERGREEN PARK

Telephone: 630-235-8209

**ENTERED:**

Dated: 7-9-19

Judge

Judge's No.

1884

PLAINTIFF'S
EXHIBIT
D
1 of 8

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. Pink: 3. COPY

7 of 8

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIFTH DISTRICT

FILED
8/6/2019 3:43 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
20185006082

6068463

Viamonte Investments Group, LLC, )
)
Plaintiff, )
)
v. ) No. 18 M5-006082
)
Ricardo Pittman; Unknown Occupants, )
)
Defendant. )

## NOTICE OF MOTION

TO: Ricardo Pittman
9208 S Kedzie Ave, Apt GE
Evergreen Park, IL 60805

PLEASE TAKE NOTICE that on August 22, 2019, at 9:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Presiding in Courtroom 203, Fifth Municipal Courthouse, 10220 S 76th Ave, Bridgeview, Illinois, and shall then and there present a **MOTION TO VACATE**, at which time you may appear if you see fit to do so. A copy of said motion is herewith served upon you.

Respectfully submitted,

Viamonte Investments Group, LLC

By: /s/ Jonathan R. Koyn

1034 Sterling Avenue, #8
Flossmoor, IL 60422
(708) 960-0487
Attorney No. 45386

FILED DATE: 8/6/2019 3:43 PM    20185006082



## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that I have served a copy of this Notice along with the motion referenced herein, upon the parties listed below:

Ricardo Pittman
9208 S Kedzie Ave, Apt GE
Evergreen Park, IL 60805

by U.S. mail, by causing same to be mailed in a properly addressed envelope, postage prepaid, from Flossmoor, Illinois, before the hour of 5:00 p.m. on August 6, 2019.

/s/ Jonathan R. Koyn

Attorney for Movant
1034 Sterling Avenue, #8
Flossmoor, IL 60422
(708) 960-0487
Attorney No. 45386

FILED DATE: 8/6/2019 3:43 PM 20185006082

2

Hearing Date: 8/22/2019 9:30 AM - 9:30 AM
Courtroom Number: 203

FILED
8/6/2019 3:39 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
20185006082

6068286

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIFTH DISTRICT

Viamonte Investments Group, LLC, )
                                    )
        Plaintiff, )
                                    )
v. )   No. 18 M5-006082
                                    )
Ricardo Pittman; Unknown Occupants, )
                                    )
        Defendant. )

**Motion to Vacate Dismissal for Want of Prosecution**

Plaintiff, Viamonte Investments Group, LLC ("Plaintiff"), by its attorney, Jonathan Koyn, moves this Court to vacate a dismissal for want of prosecution entered on or about July 9, 2019. In support of its motion, Plaintiff states as follows:

1. On July 9, 2019, a continued hearing for status and/or defendant's motion for leave to file a counterclaim was scheduled; due to a docketing error, Plaintiff's attorney did not attend the hearing, and the Court entered an Order dismissing the case for want of prosecution.

2. This motion is made within 30 days of entry of said Order.

WHEREFORE, Plaintiff respectfully requests this Court to vacate the July 9, 2019 order dismissing the case for want of prosecution, and such other and further relief as this Honorable Court deems just and equitable.

Jonathan Koyn
Attorney for Plaintiff
1034 Sterling Avenue
Flossmoor, IL 60422
(708) 960k-0487
Attorney No. 45386

Respectfully submitted,

By:   /s/ Jonathan R Koyn
        Attorney for Plaintiff

FILED DATE: 8/6/2019 3:39 PM  20185006082

4

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIFTH DISTRICT

| | | |
|---|---|---|
| **Viamonte Investments Group, LLC,**<br>And its apparent agent **Perretta Oscar,** | ) ) ) ) | **CASE NO. 2018 M5 006082** |
| Plaintiff, | ) ) | **PRESIDING JUDGE: the Honorable Kathleen M. Burke** |
| **VS.** | ) ) ) | |
| | ) ) | **COURTROOM: 203** |
| **Ricardo Pittman, Unknown Occupants,** | ) ) | |
| Defendant. | ) ) | |

## NOTICE OF FILING

TO: **Jonathan Koyn**
   Attorney at law
   1034 Sterling Avenue
   Flossmoor, Illinois 60422

   **PLEASE TAKE NOTICE** that this /5th/ day of August , 2019, I cause this Notice of filed to be with the Clerk of the Circuit Court of Cook County, Illinois Municipal Department, Fifth District. Defendant **response memorandum of law to plaintiff motion to vacate July 9, 2019 order dismissal for want of prosecution.**

   **TAKE FURTHER NOTICE** that on August 22,2019 at 930 a.m. or as soon thereafter the defendant may be heard, then and there I shall appear before the Honorable **Kathleen M. Burke** or any Judge sitting in his or her stead, in the Courtroom 203 at the 10220 South 76th Avenue, Bridgeview, Illinois.

## CERTIFICATE OF SERVICE BY CERTIFIED MAIL

   I, , non-attorney certify that I served the foregoing NOTICE to the above named parties by depositing the same in the United States Postal Office and I served the documents by certified Mail to Plaintiff. I deposit the documents in the United States Postal Office at Dearborn and Adams, Chicago, IL 60604 before 5:00pm on the 15th day of August, 2019.

Respectfully Submitted

By:

Ricardo Pittman, Jr.,
9208 South Kedzie Avenue, apt.BE.
Evergreen Park, Illinois 60805
(630) 235-8209

Ricardo Pittman, Jr.,
Defendant acting pro-se

5

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIFTH DISTRICT

| | |
|---|---|
| VIAMONTE INVESTMENTS GROUP,LLC, ) | Case No: 2018 M 5-006082 |
| ) | |
| Plaintiff, ) | the Honorable Kathleen Marie Burke |
| ) | |
| V. ) | Municipal Department, Fifth District |
| ) | |
| RICARDO PITTMAN, JR., unknown occupants,) | COURTROOM 203 |
| ) | |
| Defendant. ) | |

## RESPONSE MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE DISMISSAL FOR WANT OF PROSECUTION MUST BE DENIED

Defendant, Ricardo Pittman, Jr.,by and acting pro-se, hereby moves this Honorable Court to denied plaintiff's motion to vacate July 9,2019 order of dismissal for want prosecution pursuant to Section 2-1301 (e) of **735 IL C S 5/2-1301 (e)** For the reasons set forth in this memorandum of law in support of the defendant response memorandum to plaintiff motion. Plaintiff's request is substantially insufficient in law, that, it does not prohibit this Court from denied the motion to vacate and other request improper and must be denied.

### ARGUMENT

Plaintiff's motion to vacate dismissal for want of prosecution must be denied because plaintiff do not establish a claim for relief. <u>Aurora Loan Services, LLC. v. Kmiecik</u>  2013 IL App.(1st) 121700, 372 IL. Dec.586,992 N.E.2d 125 (First District 2013). The Court Held That: In Aurora states the party moving to vacate judgment of default has burden of showing sufficient grounds to vacate the judgment. S.H.A. **735 ILC S 5/2-1301 (e) Id 126**.<u>Wells Fargo</u> <u>Bank, N A v. Hansen,</u> 2016 App.(1st)143720, 400 Ill. Dec. 220, 47 N.E.3d 1185 (First District 2016<u>). Flores v.</u> <u>Dugan</u>, 91 IL. 2d 108, 61 Ill. Dec. 783, 435 N.E.2d 480-481 (1982).

1

Lange v. City Of Chicago,9 Ill.App.3d 1082,293 N.E.2d 675 (First District 1973). In Lange Court Held That: Plaintiff filed petition to vacate order dismissing his cause of action for want of prosecution. The circuit Court of Cook County, denied the petition. The plaintiff's cause of action initially had been dismissed when neither plaintiff nor his attorney appeared when case was called for trial and, after initial dismissal had been vacate, case had again been dismissed for want of prosecution when, on second trial date, attorney who approached trial court and requested further continuance was not plaintiff's attorney of record and plaintiff's attorney of record was not present, trial court's refusal to vacate order of dismissal for want of prosecution was within its discretion. Ricardo Pittman, Jr. **Filed his cause of action In The United States District Court For The Northern District Of Illinois Eastern Division On July 15,2019 Case No.2019 cv 4732. This matter In Front of presiding Judge The Honorable Leinenweber**.

Pursuant to **735 ILCS 5/2-619 (a)(2)(3**) That the plaintiff does have legal capacity to sue or that the defendant does not have legal capacity to be sued. That there is another action pending between the same parties for the same cause.

## CONCLUSION

Wherefore, defendant, Ricardo Pittman, Jr., prays that this Honorable Court to enter an order denying plaintiff section 2-1301 (e) motion to vacate dismissal for want of prosecution.

RICARDO PITTMAN, Jr.
9208 South Kedzie Avenue ,apt BE
Evergreen park, Illinois 60805
(630) 235-8209

RESPECTFULLY SUBMITTED

**RICARDO PITTMAN, Jr.**
Defendant acting pro-se

2

Order                  (Rev. 02/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Viamonte

v.

No. 18 m 5 - 006082

Pittman, et al

### ORDER

This Cause coming to heard for hearing on Plaintiffs Motion to Vacate DWP, Plaintiff appearing by counsel, defendant Ricardo Pittman appearing personally, and the Court being duly advised,

IT IS HEREBY ORDERED:

1. Plaintiff's Motion to Vacate DWP of 7-9-19 is granted,

2. The case is set for status on 9-3-19 at 9:30 a.m. in Room 203.

3. Defendant shall present any motion for leave to file counterclaim at the 9-3-19 hearing

~~Judge Patrick T. Rogers~~

AUG 22 2019

Circuit Court - 2007

Attorney No.: 45386

Name: Jonathan Koyn

Atty. for: Plaintiff

Address: 1034 Sterling Ave

City/State/Zip: Florissmur, FL 60422

Telephone: 708-960-0487

**ENTERED:**

Dated: 8-22-19,

KMBurke    1884

Judge              Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**