IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICARDO PITTMAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 CV 04732 |
| | ) | |
| v. | ) | U.S. Dist. Judge Honorable Harry D. |
| | ) | Leinenweber |
| VIAMONTE INVESTMENTS GROUP, LLC; | ) | |
| PERRETTA OSCAR, Mr. Oscar sued individual | ) | U.S. Mag. Judge Young B. Kim |
| and in his official capacity; SALVADOR RUIZ | ) | |
| sued individual and in his official capacity; | ) | |
| NORTHERN ILLINOIS GAS COMPANY; | ) | |
| MELVIN WILLIAMS, MR. WILLIAMS sued in | ) | |
| his official capacity; HOUSING AUTHORITY | ) | |
| OF COOK COUNTY, ANNE RICHMOND, MS. | ) | |
| RICHMOND sued in her official capacity; | ) | |
| ASSUMED, NAME NICOR GAS COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION OF VIAMONTE, PERRETTA AND RUIZ
TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendants, Viamonte Investments Group, LLC ("Viamonte"), Oscar Perretta, named herein as Perretta Oscar ("Perretta") and Salvador Ruiz ("Ruiz") (Viamonte, Perretta and Ruiz are collectively referred to herein as "Defendants"), by their attorney, Jonathan R. Koyn, for their Motion to Dismiss Plaintiff's First Amended Complaint ("Complaint") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, state as follows:

Standard

1. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead factual allegations that are sufficient enough to "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

2. A claim for relief is plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "…the tenent that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of actions elements, supported by mere conclusory statements." *Id*. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id*.

Argument

3. Plaintiff's claims against the Defendants are not "plausible" under the *Ashcroft* standard.

4. In the *Ashcroft* decision, the U.S. Supreme Court stated that Federal Rule of Civil Procedure 8(a)(2) calls for "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face." *Id.*

5. Throughout his Complaint, Plaintiff makes conclusory statements of misconduct by Defendants, which are not supported by sufficient factual allegations. Thus, Plaintiff has alleged but not "shown" that he is entitled to relief.

6. To the extent that there are factual allegations regarding Defendants' conduct throughout the numerous counts of Plaintiff's Complaint, in each instance the facts alleged are insufficient to state a claim.

7. Specifically as to defendants Perretta and Ruiz, in most instances, the law immunizes corporate officers from corporate liabilities and debts. *People ex rel. Madigan v. Tang*, 346 Ill. App. 3d 277 (2004). The only time that the "corporate officer status does not insulate [a corporate officer] from individual liability for the torts of the corporation" is when "he actively participates" in the tortious conduct. *Id*. Further, a member or manager of a limited liability company is not

personally liable for a debt, obligation or liability of the company solely by reason of being or acting as a member of manager. *Dass v. Yale*, 2013 IL App (1st) 122520 (Ill. App. Ct. 1st Dist. 2013).

8. In all counts of his Complaint, Plaintiff fails to state a claim against Perretta and Ruiz as Plaintiff fails to provide any factual basis for the court to draw a reasonable inference that either have committed any act sufficient to incur personal responsibility for Plaintiff's claims.

Argument

Counts I-VI
(Federal Civil Rights Claims)

9. Plaintiff's federal civil rights claims contained in counts I-VI of Plaintiff's Complaint must be dismissed because Plaintiff has failed to plead sufficient facts to show that the Defendants are state actors.

10. Viamonte is an Illinois for-profit limited liability company and Perretta and Ruiz are private individuals who, as Plaintiff alleges in paragraphs 14 and 20 of his Complaint, acted within the scope of their employment. Perretta is a manager and member of Viamonte and Ruiz is a former administrative employee of Viamonte.

11. While Plaintiff makes conclusory allegations that the Defendants are state actors or acted under color of state law, Plaintiff fails to support these conclusions with any facts, as is required by *Ashcroft*.

12. In addition, as to Perretta and Ruiz, Plaintiff fails to allege any specific actions by either that could support a plausible claim for relief against either Perretta or Ruiz personally under any of Plaintiff's federal civil rights claims, whether based on their own actions or the actions of Viamonte.

13. As to Count II, Plaintiff alleges that a disability caused him to be unable to defend himself adequately against Viamonte state court action for possession. Plaintiff does not identify his disability. Further, the Fair Housing Act was enacted to provide for fair housing throughout the United States. 42 USC §3601. Even taking Plaintiff's assertion in Count II as true, this allegation is not sufficient to show that Plaintiff is entitled to a private right of action under the Fair Housing Act.

Count VII
(Breach of Contract)

14. Plaintiff's breach of contract claim must be dismissed because Plaintiff has failed to plead sufficient facts to show that he is entitled to relief for breach of contract. Plaintiff's Complaint does not identify the parties to the lease, and Plaintiff did not attach a copy of a lease to the Complaint.

15. In addition, as to Perretta and Ruiz, Plaintiff fails to allege any specific actions by either that could support a plausible claim for relief against either Perretta or Ruiz personally in favor of Plaintiff for breach of contract, whether based on their own actions or the actions of Viamonte. There is no allegation in Plaintiff's Complaint that either Perretta or Ruiz are parties to a lease with Plaintiff.

16. Upon dismissal of Counts I-VI of Plaintiff's Complaint, which comprise all issues of federal law, any supplemental jurisdiction over state law claims will cease to exist. This count, which attempts to plead a claim for breach of contract under state law, must also be dismissed based on lack of jurisdiction.

## Count VIII
### (Willful and Wanton Misconduct)

17.     In Count VIII, Plaintiff merely recites the elements of the cause of action and attempts to support his claim with conclusory allegations. Plaintiff fails to support these conclusions with any facts that could show that he is entitled to relief, as is required by *Ashcroft*.

18.     In addition, as to Perretta and Ruiz, Plaintiff fails to allege any specific actions by either that could support a plausible claim for relief against either Perretta or Ruiz in favor of Plaintiff, whether based on their own actions or the actions of Viamonte.

## Count IX
### (Trespass to Land)

19.     In Count IX, Plaintiff again merely recites the elements of the cause of action and attempts to support his claim with conclusory allegations. Plaintiff fails to support these conclusions with any facts that could show that he is entitled to relief, as is required by *Ashcroft*. Plaintiff does not allege any specific act by any of the Defendants that could show any of the Defendants are liable for trespass.

20.     In addition, as to Perretta and Ruiz, Plaintiff fails to allege any specific actions by either that could support a plausible claim for relief against either Perretta or Ruiz in favor of Plaintiff for trespass, whether based on their own actions or the actions of Viamonte.

## Count X
### (Consumer Fraud)

21.     In Count X, in his attempt to state a claim for breach of the Illinois Consumer Fraud and Deceptive Business Practices act, Plaintiff concludes that Defendants failed to provide certain required services and notices required by Plaintiff's lease. The Illinois Supreme Court has stated that a "breach of contractual promise, without more, is not actionable under the Consumer Fraud

Act." *Shaw v. Hyatt Int'l Corp.*, 461 F.3d 899, 901 (7th Cir. 2006) citing *Zankle v. Queen Anne Landscaping*, 311 Ill. App. 3d 308, 312 (2000).

22. Plaintiff fails to allege any other facts that could show that he is entitled to relief, as is required by *Ashcroft*.

23. In addition, as to Perretta and Ruiz, Plaintiff fails to allege any specific actions by either that could support a plausible claim for relief against either Perretta or Ruiz in favor of Plaintiff, whether based on their own actions of the actions of Viamonte. Plaintiff fails to allege that either Perretta or Ruiz are parties to Plaintiff's lease. As to the allegation that the filing of a complaint for possession was somehow deceptive, Plaintiff fails to allege that either Perretta or Ruiz were involved in the filing. In fact, the state court complaint attached as an exhibit to Plaintiff's Complaint, which is captioned <u>Viamonte Investments Group, LLC v. Ricard Pittman</u>; Unknown Occupants, clearly demonstrates that Perretta and Ruiz are not parties to that state court action.

Count XI<br>(Defamation Per Se)

24. "To prove defamation, a plaintiff must show that the defendant made a false statement about the plaintiff, there was an unprivileged publication to a third party by the defendant, and the statement damaged the plaintiff." *Hardiman v. Aslam*, 2019 Ill. App (1st) 173196, ¶4.

25. Statement are *per se* defamatory when the defamatory character of the statement is apparent on its face; that is, when the words used are so obviously and materially harmful to the plaintiff that injury to his reputation may be presumed. *Bryson v. News American Publication*, 174 Ill. 2d 77 (1996).

26. The lone apparent factual allegation in count XI is that Defendants accused Plaintiff of moving out of his apartment. There is no indication of who specifically is alleged to have made

this alleged accusation, and the alleged statement itself does not provide a plausible basis for relief for defamation.

27. In addition, Plaintiff provides no indication of when the alleged statement was made or to whom the statement was made. In addition to demonstrating that Plaintiff has not shown he has a plausible claim for relief, the missing allegations could demonstrate the Plaintiff's claim for defamation is barred by the applicable statue of limitation.

28. Plaintiff's lone factual allegation in no way shows that Plaintiff has a plausible claim for relief against any of the Defendants for defamation.

## Count XII
### (Defamation - False Light)

29. There are three elements that a plaintiff must prove to support a claim for "False Light": the defendant portrayed the plaintiff publicly in a false light, a reasonable person would find the false light "highly offensive" or embarrassing, and the defendant acted with "actual malice", meaning the defendant knew the statement was false or was reckless as to the statement's truth. *Brennan v. Kadner*, 351 Ill. App. 3d 963, 971 (1st Dist. 2004).

30. The lone apparent factual allegation in count XII is that Defendants alleged that Plaintiff failed to pay rent in a state court action.

31. This allegation in no way shows that Plaintiff has a plausible claim for relief against any of the Defendants for "False Light" defamation.

32. In addition, Plaintiff fails to allege that either Perratta or Ruiz are involved as parties in the subject state court action.

### Count XIII
### (Intentional Infliction of Emotional Distress)

33. To plead a claim for intentional infliction of emotional distress, a plaintiff must establish: (1) the defendant engaged in "extreme and outrageous" conduct towards the plaintiff; (2) the defendant intended or recklessly disregarded the probability that the conduct would cause the plaintiff to suffer emotional distress; (3) the plaintiff endured "severe and extreme" emotional distress; and (4) the defendant's conduct actually and proximately caused the plaintiff's distress." *Duffy v. Orlan Brook Condo Owners' Assoc*, 2012 IL App (1st) 113577, ¶36.

34. Plaintiff fails to specify any act by any of the Defendants that could constitute extreme and outrageous conduct.

### Count XIV
### (Malicous Prosecution)

35. "To state a claim for malicious prosecution, a plaintiff must allege facts showing: (1) the defendant commenced or continued an original criminal or civil judicial proceeding; (2) the proceeding terminated in favor of the plaintiff; (3) there was an absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Hurlbert v. Charles*, 238 Ill. 2d 248, 255 (2010).

36. Aside from reciting the elements of the cause of action, Plaintiff's lone apparent factual allegation is that the Defendants presented fabricated documents to the court in a pending state court action. This allegation provides no plausible basis for relief against any of the Defendants. In particular, Plaintiff has not alleged any facts to show that the state court action terminated in favor of the plaintiff (the case is still pending as of the filing of this motion), and Plaintiff has not alleged any facts to show that Viamonte had no basis to initiate the state court action. In addition, Plaintiff has not sufficiently identified the allegedly fabricated documents.

37. In addition, Plaintiff fails to allege that either Perretta or Ruiz are involved as parties in the state court action.

## Count XV
### (Malicious Abuse of Process)

38. Abuse of process is defined as the misuse of legal process to accomplish some purpose outside the scope of the process itself. *Bonney v. King*, 201 Ill. 47, 50-51 (1903). To state a claim, a plaintiff must plead: (1) the existence of an ulterior purpose or motive, and (2) some act in the use of legal process not proper in the regular prosecution of the proceedings. *Holiday Magic, Inc. v. Scott*, 4 Ill. App. 3d 962, 966 (1972).

39. While Plaintiff alleges that the Defendants instituted a state court action against him, Plaintiff fails to allege any specific act by any of the Defendants that could show the use of legal process not proper in the regular prosecution of the proceedings.

40. In addition, Plaintiff fails to allege that either Perretta or Ruiz are involved as parties in the state court action.

WHEREFORE, Defendants each respectfully requests that this Court: (1) grant this motion to dismiss, and (2) grant such other and further relief as this Honorable Court deems just and equitable.

Respectfully submitted,

By: /s/ Jonathan R. Koyn

Jonathan R. Koyn
Attorney for Defendants
1034 Sterling Avenue
Flossmoor, IL 60422
(708) 960-0487
jon@koynlaw.com