**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 26, 2021[*]
Decided March 29, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-1107

| | |
|---|---|
| RICARDO PITTMAN, JR., *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 19 C 4732 |
| VIAMONTE INVESTMENTS GROUP, LLC, et al., *Defendants-Appellees*. | Harry D. Leinenweber, *Judge*. |

**O R D E R**

Ricardo Pittman, a recipient of housing assistance, was evicted from his apartment for failing to pay rent after enduring a year of bad conditions and the cut-off of his gas line. He sued several defendants including his private landlord, the gas company, and the Housing Authority of Cook County, alleging that they conspired to

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

No. 20-1107 Page 2

violate his rights under federal and state law. The defendants moved to dismiss the complaint on a variety of grounds. The district court determined either that it lacked jurisdiction over any such claims or that Pittman failed to state claims under federal law. It declined to exercise supplemental jurisdiction over the state-law claims and dismissed the complaint with prejudice. We affirm.

Pittman's complaint was dismissed at the pleading stage, so we take as true all the well-pleaded facts from the operative first amended complaint. *See Word v. City of Chicago*, 946 F.3d 391, 393 (7th Cir. 2020).

In 2009, Pittman, who is black and disabled, rented an apartment with the aid of a Section 8 Housing Choice voucher. *See* 42 U.S.C. § 1437f. Later, a private landlord, Viamonte Investments Group, LLC, assumed ownership of the apartment building. Over the years, Viamonte neglected to fix problems with flooding and mildew in his apartment. In 2017, Nicor Gas Company, a subsidiary of Northern Illinois Gas Company, relocated the gas meters in Pittman's building and never reconnected his line despite his frequent complaints. Around that time, an employee of the Housing Authority of Cook County contacted Pittman to inform him that Viamonte would no longer accept Section 8 vouchers. Pittman continued to send rent payments to Viamonte, but for only half the amount due; the half previously covered by his rental assistance went unpaid. By 2018, Pittman owed $8,000 in unpaid rent, and Viamonte brought eviction proceedings in state court (where Pittman failed to appear), resulting in a judgment and damages for Viamonte. *Viamonte Invs. Grp., LLC v. Pittman*, No. 2018-M5-006082 (Ill. Cir. Ct. 2019).

Pittman sued Viamonte, Nicor, the Housing Authority, and employees of each. He alleged that the defendants conspired to have him evicted because of his race and unspecified disability, thereby violating the Fourteenth Amendment, *see* 42 U.S.C. § 1983; the Civil Rights Act, *id.* §§ 1981, 1985(3); the Fair Housing Amendments Act of 1988, *id.* § 3604(b); and the Rehabilitation Act, 29 U.S.C. § 794(a). He also alleged that the eviction violated various provisions of state statutory and common law. The Viamonte, Nicor, and Housing Authority defendants each moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6), arguing that Pittman's suit sought review of a state court eviction judgment, wrongly invoked constitutional and federal protections against private actors, and failed to state a claim.

After the motions were briefed, the district court held a short hearing and concluded by stating, "I'm going to dismiss the case for want of jurisdiction." It then


issued a minute order dismissing Pittman's complaint with prejudice for failure to state a claim and declining to exercise supplemental jurisdiction over Pittman's state law claims. *See* 28 U.S.C. § 1367(c)(3). No separate judgment order was entered, but the dismissal of the whole case "with prejudice" makes clear the court "finished its work," so we have a final decision to review. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1020 (7th Cir. 2013).

On appeal, Pittman argues that the district court erroneously dismissed his complaint and reasserts all his claims. He maintains that he plausibly alleged that Viamonte conspired with Nicor to cut off his gas and with the Housing Authority to evict him, and that all defendants acted out of discriminatory motives.

We review dismissals on the pleadings de novo. *Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018). Though the district court did not explain the basis of its ruling in much detail, we agree that Pittman's complaint suffered from a fatal combination of jurisdictional and pleading defects. When amending would be futile, we may affirm dismissals on the pleadings "on any ground contained in the record." *Ewell v. Toney*, 853 F.3d 911, 919 (7th Cir. 2017).

First, there is no federal subject-matter jurisdiction over Pittman's claims for injuries caused by the state court judgment in the eviction proceedings. *See Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923*)*. This covers the majority of his claims because it was the state court that caused his primary injury: the eviction and its collateral effects. A state court's failure to remedy an injury independent of the proceedings is a different story, so the alleged discrimination preceding, and outside of, the eviction is actionable. *Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015).

Pittman's claims against Nicor were also not properly before the court because, no matter its alleged motive, its failure to restore his cooking gas service forms the basis of the claims. And under the Public Utilities Act, 220 ILL. COMP. STAT. ANN. 5/4-101, the Illinois Commerce Commission has exclusive jurisdiction over rate- and service-related disputes. Pittman has already complained to the ICC (complaint 2018-07503), and that agency's decisions must be appealed in state courts. *See State ex rel. Pusateri v. Peoples Gas Light & Coke Co.*, 21 N.E.3d 437, 442–43 (Ill. 2014). We say no more about Nicor.

Any potential federal claim against Viamonte or the Housing Authority (and their employees) that might fall outside the jurisdictional bars also was properly

No. 20-1107 Page 4

dismissed under Federal Rule of Civil Procedure 12(b)(6). Even if Viamonte, a private entity, were understood to be a state actor by virtue of accepting vouchers, it could be liable under § 1983 only if it had a "corporate policy or widespread practice or custom" of discrimination, which Pittman has not alleged. *See Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 652 (7th Cir. 2021) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978)). And though he alleges that Viamonte "reached an understanding" with the Housing Authority, a state actor, to deny his constitutional rights, those allegations are too flimsy to subject Viamonte to liability under § 1983. *Wilson v. Warren Cnty., Ill.*, 830 F.3d 464, 468 (7th Cir. 2016) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)).

For the same reason, Pittman does not state a claim for conspiracy under 42 U.S.C. § 1985(3); his allegations are conclusory and speculative. Pittman posits that the defendants met and coordinated his gas shut-off and eviction because of his race. He attempts to support the claim by referring to notifications sent by employees of Nicor, Viamonte, and the Housing Authority regarding changes in his utilities, housing, and voucher statuses. These routine actions, which followed Viamonte's decision to stop accepting Section 8 vouchers from anyone, do not amount to acts in furtherance of a conspiracy and do not support an inference of racial animus. *See McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 790 (7th Cir. 2019) (civil rights conspiracy requires an overt act and discriminatory motive).

Any claim under § 1981 also fails. Section 1983 is the "exclusive remedy" against state actors that conspire with private actors to violate civil rights, so the Housing Authority is not subject to liability. *See Campbell v. Forest Pres. Dist. of Cook Cnty.*, 752 F.3d 665, 671 (7th Cir. 2014) And while § 1981 does reach private discrimination, we can discern no claim against Viamonte that is not jurisdictionally barred, as previously discussed, or otherwise insufficient. Specifically, Pittman's assertion that in the year before his eviction, Viamonte "knew" that flooding and mildew made his apartment unlivable falls short of the statutory requirement of intentional discrimination. *See Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 272 (7th Cir. 2004). And for much the same reason, to the extent that Pittman alleges that Viamonte violated the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3604(b), by neglecting to maintain his apartment because of his race, this claim also fails. The allegations in his complaint do not plausibly suggest that the neglect of his unit was "intentionally done to discriminate." *See Bloch v. Frischholz*, 587 F.3d 771, 780, 783 (7th Cir. 2009) (en banc).

No. 20-1107 Page 5

We have also considered whether Pittman might have stated a disability discrimination claim under the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3604(b), or the Rehabilitation Act. 29 U.S.C. § 794(a). *See Valencia v. City of Springfield*, 883 F.3d 959, 967 (7th Cir. 2018) (the inquiry is the same for both statutes). Crucially, Pittman's filings do not answer the threshold question of what disability he has, other than to say it was "visible," or what accommodations he requested that Viamonte failed to provide. *See Wilson*, 830 F.3d at 467 (plaintiff must allege discrimination occurred *because* of the disability).

Having dismissed all federal claims, the district court also properly declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Pittman's claims under state law, *Wilson v. Price*, 624 F.3d 389, 395 (7th Cir. 2010), and they remain open to suit in state court. Independent jurisdiction over defendant Oscar Peretta was at least theoretically possible based on diversity of citizenship (Pittman identified him as "residing" in Indiana but did not allege where he was domiciled), but allegations about Peretta were so sparse that the district court was not obligated to inquire further. With the clarification that the dismissal of the state-law claims is without prejudice, the judgment is

AFFIRMED.